JONATHAN W. COBBS AND WILLIAM W. MITCHELL v. THE
FIRE ASSOCIATION OF PHILADELPHIA.

[See *post*, 465.]

*Waiver—Proof to establish—Submission to jury.*

1. Waiver may be proved indirectly, by circumstances, as well as by
   direct testimony; and whether made out or not is a question for
   the jury.
2. A party always has the option to waive a condition or stipulation
   made in his favor, and such waiver is not repugnant to the writ-
   ten agreement, because it would only be the exercise of an option
   which the agreement left it in the power of the party to make,
   the exercise or non-exercise of which option is a *fact* provable
   by *parol* as well as by *written* evidence.

Error to Wexford. ( Fallass, J.) Argued January 24, 1888.
Decided February 2, 1888.

Assumpsit. Defendant brings error. Affirmed. The facts
are sufficiently stated in the opinion.

*Norris & Norris,* for appellant.

*Blair, Kingsley & Kleinhans,* for plaintiffs.

CHAMPLIN, J. The action in this case is assumpsit upon a
policy of insurance, which was issued upon the same prop-
erty as that covered by a policy issued by the North British
& Mercantile Insurance Company, and which came before
this Court for consideration in the case of *Marthinson v.
North British & Mercantile Insurance Co.,* 64 Mich. 372 (31
N. W. Rep. 291). The same defense is interposed in this
case as was in that, and the testimony in this case tends
more strongly to prove a waiver of the defense of forfeiture

of the policy than appeared in the record in the *Marthinson Case*.

A waiver may be proved indirectly, by circumstances, as well as by direct testimony; and whether a waiver is made out or not is a question for the jury.

A party always has the option to waive a condition or stipulation made in his own favor, and such waiver is not repugnant to the written agreement, because it would only be the exercise of an option which the agreement left it in the power of the party to make. And whether it did exercise such option or not was a fact provable by parol evidence, as well as by writing, for the obvious reason that it could be done without writing.

There is no antagonism upon the subject of waiver between the decisions of this Court and those of the Supreme Court of the United States. *Miller v. Insurance Co.*, 12 Wall. 285; *Insurance Co. v. Warehouse Co.*, 93 U. S. 527, 546; *Insurance Co. v. Norton*, 96 Id. 234. We commend these cases, and especially the last cited, to the careful perusal of counsel who presented this case for defendant.

The question of waiver was properly submitted to the jury under the testimony, and the jury have found in favor of the plaintiffs, and the judgment is affirmed.

The other Justices concurred.