JONATHAN W. COBBS AND WILLIAM W. MITCHELL v. THE FIRE ASSOCIATION OF PHILADELPHIA.

| 68 | 463 |
| 71 | 421 |
| 68 | 465 |
| 88 | 89 |
| 68 | 465 |
| 91 | 226 |
| 68 | 465 |
| 109 | 676 |
| 68 | 465 |
| 110 | 67 |
| 68 | 465 |
| 113 | 446 |
| 68 | 465 |
| s36NW | 788 |
| 130 | 567 |

[See *ante*, 463.]

*Waiver—Submission to jury—Question of law—Rehearing.*

1. Where the *fact* of waiver is sought to be established by circumstances, or inferred from facts proved, or where the testimony is doubtful or conflicting, it is a question for the jury.
2. Where there is no conflicting testimony, and all the facts and circumstances are admitted or conceded, it is the province of the court to inform the jury, as matter of law, whether a waiver has been established or not.
3. " Upon a careful review of the whole record, we are satisfied that a rehearing ought not to change the result reached in the disposition of the case, and, taking this occasion to correct the error in the opinion pointed out, the rehearing is denied."

Motion for rehearing.   Submitted February 14, 1888. Denied March 2, 1888.   The facts are stated in the opinion.

*Norris & Norris*, for motion.

*Blair, Kingsley & Kleinhans*, contra.

CHAMPLIN, J.   A motion for a rehearing was made in this case for the reason that in the opinion handed down it was stated :

" Whether a waiver is made out or not is a question for the jury.   *   *   *   The question of waiver was properly submitted to the jury under the testimony;" —

While the record shows that no question of waiver was submitted to the jury.   What the opinion states is that—

" A waiver may be proved indirectly, by circumstances, as well as by direct testimony; and whether a waiver is made out or not is a question for the jury."

The opinion is erroneous in stating that the question of waiver was submitted to the jury; and, if it ought to have been submitted, under the facts in the case, the rehearing should be granted.

The general rule was stated in the opinion filed, when the fact of waiver is sought to be established by circumstances, or inferred from facts proved, or where the testimony is doubtful or conflicting. But where there is no conflicting testimony, and all the facts and circumstances are admitted or conceded, it is the province of the court to inform the jury, as matter of law, whether a waiver has been established or not. *Insurance Co. v. Evans*, 9 Md. 20 ; *Titus v. Insurance Co.*, 81 N. Y. 419 ; *Gans v. Insurance Co.*, 43 Wis. 108; *Marthinson v. Insurance Co.*, 64 Mich. 372 (31 N. W. Rep. 291).

Upon the trial of this case, after the plaintiffs had rested, the record shows that the counsel for defendant addressed the court as follows :

"If your honor please, this case, as the court has already seen, turns almost directly upon the charges of the court. Our theory of the case is that it will be the duty of the court, under the facts, to dispose of it one way or the other. If there is any question to go to the jury, it will be determined, of course, under instructions, the question of how much they should be allowed for this loss. I can conceive of no other question about which there would be any dispute on the facts."

After the testimony was closed, counsel for defendant requested the court to instruct the jury as follows:

"7. There has been no evidence of the defendant's acts and statements prior to the fire, July 29, 1884, given you in this cause, which in law would amount to a waiver of the terms and conditions of the policy contract in suit, or which would estop the defendant from relying on such terms and conditions in its defense.

"8. There has been no evidence of the defendant's acts and statements since the fire, July 29, 1884, which in law would amount to a waiver of the terms and conditions of the

policy contract in suit, or which would estop the defendant from relying on such terms and conditions in its defense."

It is quite evident, therefore, that, in the view which counsel for defendant took of the testimony in the case, it presented simply and purely a question of law for the court to pass upon. We think this view of the counsel is correct. The testimony bearing upon the question of waiver was not disputed. It consisted largely of written correspondence, and what was done in consequence thereof in the way of preparing and forwarding proofs of loss, and in meeting defendant's agent for the purpose of settling the same, by defendant's request. The court, however, did not take the same view which counsel for defendant did of the legal effect of such testimony, but held in effect that the undisputed testimony in the case established as matter of law a waiver by defendant of the forfeitures of the policy relied on by defendant, and in this we think the circuit judge was right. He complied with the suggestion of defendant's counsel, and submitted to the jury the question as to how much should be allowed for the loss.

Upon a careful review of the whole record, we are satisfied that a rehearing ought not to change the result reached in the disposition of the case, and, taking this occasion to correct the error in the opinion pointed out, the rehearing is denied.

The other Justices concurred.