JOHN HOPKINS et al. v. ANN BOWERS et al.

*Evidence— Witness.*

1. With a view to show that the defendants were of negro blood within the prohibited degrees, and therefore illegitimate and incapable of inheriting from the deceased, a white person, under whom the plaintiffs also claimed, the latter introduced them before the jury for inspection but did not further examine them as witnesses : *Held*, that this did not open the door to the defendants to testify to any communication or transaction with their deceased ancestor.

2. If, under such circumstances, the plaintiff had examined them as witnesses to any transactions with the deceased, they could be cross-examined only as to the same transactions.

This is an ACTION to recover real property tried before *Armfield, J.,* at March Term, 1890, of ORANGE Superior Court.

The plaintiffs were the nephews of one Nash Booth, claiming to be his heirs at law. The defendants claim to be his wife and legitimate children. The plaintiffs insisted that the relationship was illegitimate because the defendant Ann Bowers, the mother of the other defendants, and claiming to have been the wife of said Booth, was of negro blood within the forbidden degree. *The Code,* § 1284. With a view of showing this the plaintiffs introduced all the defendants and exhibited them to the jury to prove their color, and called attention to their skin, their hair and the like, but asked them no questions. Defendants' counsel then asked leave to examine Ann. The plaintiffs objected, but the Court permitted her to be sworn as a witness and examine l. Plaintiffs excepted.

The witness testified that she was married to Nash Booth by a Justice of the Peace, and that they had lived together as man and wife twelve or fifteen years, and that the other defendants were children born of that union. The plaintiffs again excepted.

There were sundry other exceptions, which need not be stated.

Verdict and judgment for defendants; appeal by plaintiffs.

*Mr. A. W. Graham,* for plaintiffs.
*Mr. Jas. S. Manning,* for defendant.

CLARK, J.—after stating the case: It is not necessary to consider whether the exhibition of the defendants to the jury made them witnesses of the plaintiffs so as to entitle the defendants' counsel to have them sworn and cross-examined. For, conceding it to be so, the only evidence given by the exhibition of the witness Ann to the jury at the instance of the plaintiffs was as to her color, her hair, etc , tending to show that she was of mixed blood. This was not evidence of any transaction or communication between her and the deceased. Those things existed, and would have been the same if she had never so much as seen Nash Booth, and as to them she was a competent witness, unaffected by *The Code,* § 590. *Norris* v. *Stewart,* 105 N. C., 455; *Bunn* v. *Todd,* 107 N. C., 266. It was, therefore, error to allow her counsel to examine her as to any transaction or communication with the deceased, under whom she and the other defendants claim. *The Code,* § 590. Besides, by that section, when the executor, etc., or person deriving title or interest is examined as to any transaction or communication with a person deceased, the opposite party is rendered competent to give evidence only "concerning the same transaction or communication." The door is not open to the opposite party generally, but only as to the particular transaction put in evidence. *Sumner* v. *Candler,* 92 N. C., 634; *Armfield* v. *Colvert,* 103 N. C., 147. *A fortiori,* when the plaintiff examines the defendant as to a matter not within the inhibition of section 590, the defendant is not thereby at liberty to disregard the prohibition and testify as to any and all transac-

tions with the deceased, such as giving evidence to prove
her marriage to the deceased, her living with him as man
and wife and the paternity of the children, the other defend-
ants.

This renders it unnecessary to consider the other excep-
tions.

Error.