113   443
f121   368

SOPER *v.* PONTIAC, OXFORD & NORTHERN RAILROAD CO.

CARRIERS—DAMAGE TO STOCK—BILL OF LADING—WAIVER OF CONDITIONS.

Evidence that a carrier received an unverified claim for damages from a shipper of stock, with a promise to give the matter prompt attention as soon as certain discrepancies were explained, and without any other objection than that the amount claimed was unreasonable, justifies the finding of a waiver of the requirement of its bill of lading that, in order to maintain a claim for damages to stock, a verified statement thereof must be served within five days after the removal of the stock from the cars.

Error to Huron; Beach, J.   Submitted June 8, 1897. Decided June 28, 1897.

Case by Leander Soper against the Pontiac, Oxford & Northern Railroad Company for injuries to stock shipped over defendant's road.   From a judgment for plaintiff, defendant brings error.   Affirmed.

*Aug. C. Baldwin*, for appellant.

*George W. Clark* ( *W. T. Bope*, of counsel), for appellee.

MOORE, J.   Plaintiff shipped cattle and sheep over defendant's road.·  Part of the train containing the stock was thrown from the track, some of the animals were killed, and it was claimed others were injured.   Plaintiff sued to recover for the value of the stock killed and the injury done to the others.   He recovered a verdict of $133. The defendant appeals.

The only point open to discussion under the exceptions and assignments of error is whether the trial court erred in its disposition of the question of waiver.   It is the claim of the defendant that, because of the conditions

attached to the bill of lading, the plaintiff was bound to serve upon the defendant a verified statement of his claim within five days after the removal of the stock from the cars, and that, as he did not do this, he could not recover. The plaintiff claimed that this condition was waived by the letters, acts, and conduct of the defendant. The trial judge instructed the jury, in substance, that the condition attached to the bill of lading was a valid one, and that the plaintiff would be bound by it, unless the conditions had been waived by the defendant; and left it to the jury to say whether the conditions had been waived or not.

The record shows that the plaintiff's claim was put into the hands of his attorney within two or three days after the stock was removed from the cars, who at once made out the claim of the plaintiff, and delivered it to the station agent at Bad Axe. It was forwarded to Mr. Rosevear, who forwarded it to Mr. Sanford, the general superintendent of the defendant road. The claim was not verified. Correspondence then occurred between Mr. Sanford and Mr. Rosevear, and Mr. Sanford and the attorney for the plaintiff, Mr. Clark. Some of these letters could not be found at the time of the trial, but two of them were found, and received in evidence. They read as follows:

"PONTIAC, MICH., Dec. 18, 1895.
"W. R. ROSEVEAR, Esq.,
"G. F. & P. A., S., T. & H. R. R.,
"Saginaw, Mich.

"*Dear Sir:* Referring to the claim of L. Soper, your number 313, for damage sustained on account of the wreck of our stock train at Imlay City, November 23d, Mr. Soper claims that he suffered a loss of $133, but fails to specify just how the figures are made up, excepting the item of one heifer killed, $20, and seven sheep killed, $28. The balance of the amount is made up by the item of shrinkage on sheep, $35, and shrinkage on cattle, $50. Please request Mr. Soper to send me a detailed statement showing how he arrives at these figures, and particularly to state the number and initials of the cars the stock was loaded in on which he claims the damage.

It is not my intention to seek to evade any just claim, but it seems to me that the amount claimed by Mr. Soper is unreasonable; hence my desire to learn precisely how the figures are arrived at.

"Yours truly,

[Signed]    "W. C. SANFORD, Gen'l Supt."

"PONTIAC, MICH., January 6, 1896.

"GEO. W. CLARK, Esq.,

"Bad Axe, Mich.

"*Dear Sir:* Replying to your favor of the 4th inst., the papers in Mr. L. Soper's claim for damages on account of the wreck of stock train on our line November 23d are needed just now to complete our investigations, but will return them in a few days if desired. In the meantime the following are the items included in his bill: One heifer killed, $20; seven sheep killed, $28; shrinkage on sheep, $35; shrinkage on cattle, $50; total, $133. Attached to this claim are shipping bills for M. C. car 40,231, '34 cattle,' and M. C. car 40,222, '60 sheep and 21 calves.' The last-named car, 40,222, was not in the wreck, but went forward, and reached Buffalo at the usual time, Sunday afternoon, without any delay whatever, as far as this company is concerned; and as there were no sheep in car 40,231, I am at a loss to understand why Mr. Soper claims loss and damage on sheep. I will also state for your information that none of the stock in car 40,231 was killed or otherwise injured. We have an exact record of every car that was in the wreck, and the number of head of stock in each car. As soon as these discrepancies in Mr. Soper's claims are explained, I will arrange to give the matter prompt attention.

"Yours truly,

[Signed]    "W. C. SANFORD, Gen'l Supt."

It will be noticed that Mr. Sanford does not seek to resist the claim upon the ground that a verified statement of the claim was not furnished in time, and there is nothing in the record to show that this defense was ever interposed until the time of the trial. On the contrary, the superintendent wrote: "It is not my intention to seek to evade any just claim, but it seems to me that the amount claimed by Mr. Soper is unreasonable; hence my desire to learn precisely how the figures are arrived at." "As soon as these discrepancies in Mr. Soper's claims are ex-

plained, I will arrange to give the matter prompt attention." It is not at all certain, in view of the statements contained in these letters, that the trial judge would not have been justified in instructing the jury as a matter of law that the defendant had waived its right to insist upon a verified statement of the claim. *Marthinson* v. *Insurance Co.*, 64 Mich. 372; *Cobbs* v. *Fire Ass'n*, 68 Mich. 465; *Towle* v. *Insurance Co.*, 91 Mich. 226. The question, however, was submitted to the jury, and we do not think there is any ground for complaint upon the part of the defendant. *Hibernia Ins. Co.* v. *O'Connor*, 29 Mich. 241; *Cobbs* v. *Fire Ass'n*, 68 Mich. 463; *International, etc., Ass'n* v. *Walker*, 88 Mich. 62.

Judgment is affirmed.

LONG, C. J., GRANT and MONTGOMERY, JJ., concurred. HOOKER, J., did not sit.