BURNS *v.* MICHIGAN MANUFACTURERS' MUTUAL FIRE-INSURANCE CO.

1. MICHIGAN STANDARD FIRE-INSURANCE POLICY—CERTIFICATE OF ADJUSTER.

There is nothing in the Michigan standard fire-insurance policy requiring the insured to obtain from an adjuster a certificate that he has suffered loss by fire, and of the amount thereof.

2. ·SAME—PROOFS OF LOSS BY AGENT.

Under the Michigan standard policy, requiring proofs of loss to be signed and sworn to by the insured, they may be made by an agent, where the insured is critically ill, and his physicians will not permit him to attend to any business.

Case made from Bay; Shepard, J.   Submitted April 9, 1902.   (Docket No. 21.)   Decided May 19, 1902.

*Assumpsit* by Edward Burns against the Michigan Manufacturers' Mutual Fire-Insurance Company on a policy of insurance.   There was a judgment for plaintiff on verdict directed by the court, and defendant assigns error. Affirmed.

*Chester L. Collins,* for appellant.

*John L. Stoddard,* for appellee.

MOORE, J.   The plaintiff is a resident of the city of New York.   The defendant is a Michigan insurance cor-

poration, which issued a policy of insurance upon a planing and saw mill owned by plaintiff, situated in the State of Georgia. This property was partially destroyed by fire early in April, 1899. On the 20th day of the same month it was totally destroyed. The circuit judge directed a verdict in favor of plaintiff. The case is brought here on case made.

Upon the trial it was conceded by counsel that the fire and loss occurred as alleged in the declaration, and the loss amounted to $955. The policy sued upon is a Michigan standard policy, containing, among other provisions, the following:

"If fire occur, the insured shall give immediate notice of any loss thereby, in writing, to this company, protect the property from further damage, forthwith separate the damaged and undamaged personal property, put it in the best possible order, make a complete inventory of the same, stating the quantity and cost of each article, and the amount claimed thereon, and, within sixty days after the fire, unless such time is extended in writing by this company, shall render a statement to this company, signed and sworn to by said insured, stating the knowledge and belief of the insured as to the time and origin of the fire, the interest of the insured and of all others in the property," etc.

The defense is that the proofs of loss did not comply with this provision.

The record discloses that the plaintiff is the cashier of a bank in New York. While on his way to business, in April, 1899, he was taken seriously ill, caused by overwork. The board of directors granted him leave of absence for six months. His physician forbade his doing any business, because of his physical and mental condition, and he did none—not even signing personal checks—until the latter part of September of that year. The doctor testified that he was physically and mentally unable to attend to business after he was taken ill, or for many months thereafter; that he was threatened with softening of the brain, and was dangerously ill; that he could not

receive and answer letters, nor could he sign and swear to an affidavit.

The policy was procured through Mr. Young, an insurance broker living in Brooklyn, N. Y., who, immediately after the first fire, notified the defendant, by mail, of the fire. Mr. Howley, an insurance adjuster, notified the defendant, by mail, of the second fire. A little later Mr. Howley went to Georgia, and, in company with two men representing the tariff association companies, proceeded to investigate the loss, its extent, and to adjust it. Upon his return to New York, he prepared formal proofs of loss, which were signed and sworn to May 26th by F. B. Anderson, who was assistant cashier of the bank under Mr. Burns, who signed the proofs of loss, "Edward Burns, per F. B. Anderson, Attorney." The formal heading of the proofs of loss reads as follows:

"STATE OF NEW YORK, }
  County of New York. } ss.
  "Be it known that on this 26th day of May, A. D. 1899, before me, Walter A. Bennett, a notary public, duly commissioned and sworn, and residing in the city of New York, in the county and State aforesaid, personally appeared F. B. Anderson, attorney for Edward Burns, who, being duly sworn, deposes and says."

These proofs of loss were inclosed in a registered letter and mailed to defendant May 26th, together with a letter from Mr. Howley saying:

"The assured, Mr. Edward Burns, one of our leading financiers, and cashier of the American Exchange National Bank of this city, is, and has been for several weeks, critically ill; and his physicians will not permit him to attend to any matter of business, however important. It has therefore become necessary to have the proofs executed by his attorney in fact, Mr. Anderson, who is temporarily discharging Mr. Burns' duties at the bank."

This letter was on the following day received by defendant. It made no reply until July 19th, when it wrote to Mr. Burns. The important parts of the letter are as follows:

"The alleged proofs are not executed by you, but by one F. B. Anderson, attorney; and, while they have attached to them printed forms for adjuster's certificates, the same have not been filled in by the adjuster, who, we understand, prepared them for you. This company cannot, on the evidence before it, recognize the right and power of an insured party to delegate the important duty of proving a claim under oath to a third party,—more particularly when there is nothing to show that said third party has had such power granted him; and I am instructed to request that you present your claim in the manner prescribed by the conditions of the policy."

July 21st Mr. Howley wrote defendant:

"*Dear Sir:* Replying to yours of the 19th inst., Mr. Burns' condition is such that he cannot, without great danger, be interviewed in regard to any matter of business. Mr. Anderson is fully authorized to make up the formal proofs. Should, as it is hoped, Mr. Burns recover from his present serious illness, the necessary power of attorney will be prepared and sent you."

October 11, 1899, he wrote the defendant:

"Referring to my reports of the 21st July last, I have the pleasure to report Mr. Burns' return to health, and to his office, where he appeared today for the first time in six months. Mr. Burns has executed, and I beg to hand you herewith, certificate confirming Mr. Anderson's authority to execute proof for him, which, I am sure, will be found satisfactory."

Inclosed with this was a paper, sworn to by Mr. Burns, in which he confirmed Mr. Anderson's authority to make the proofs of loss, and also swore that the statements contained in said proofs are a just, true, and faithful statement of his loss and claim, as far as he has been able to ascertain the same. It is claimed by defendant it never received this letter and inclosure. Some other correspondence followed. March 30, 1900, Mr. Howley visited defendant, at its office, for the purpose of securing a settlement, if possible, of the claim. He did not succeed in doing so, and this suit was brought.

The circuit judge was of the opinion that the insurance company, by delaying nearly two months in making

objections to the proofs of loss after they were received, had waived its right to object to them. A reference to the letter of July 19th will show that but two objections were made to the proofs of loss: *First*, that the printed form for the adjuster's certificate had not been filled in; and, *second*, that the alleged proofs were not executed by Mr. Burns. There was a provision in the policy giving the defendant the right to require "a certificate of the magistrate or notary public (not interested in the claim, as a creditor or otherwise, nor related to the insured) living nearest the place of fire, stating that he has examined the circumstances, and believes the insured has honestly sustained loss to the amount that such magistrate or notary public shall certify." This was not required by the company. Nothing in the policy gave the company the right to require the adjuster to make a certificate. In view of the fact that the company knew of the condition of Mr. Burns, and his inability to do what it asked to be done, it was not very creditable for it to wait until three months (lacking one day) after the fire before making the second objection. If the company had any doubt of the loss, or of the extent of it, it ought to have so suggested, and required additional proof.

In 2 Wood, Fire Ins. § 438, p. 931, it is said:

"Proofs of loss should be made as required by the policy, both as to substance and time, or a legal excuse shown therefor. They should be made either by the assured himself, his agent, or the party in interest. If the assured himself does not make the proofs, a valid reason therefor should be shown; and it is sufficient to show that he is a nonresident, dead, or was absent or insane at the time when the loss occurred, and did not return in season to make the proofs; or that he did not possess the necessary information in reference to the matters required to be stated to make the proofs; or that the person making the proofs is the party in interest, to whom the loss, with the assent of the insurers, is made payable, or is the real party in interest, and that the assured refused to execute them; or that they were made as directed by the insurers' agent; or that the objection as to their being made by the wrong person has been waived."

See, also, *Insurance Cos.* v. *Boykin*, 12 Wall. 433; *Milwaukee Mechanics' Ins. Co.* v. *Brown*, 3 Kan. App. 225 (44 Pac. 35); *Watertown Fire-Ins. Co.* v. *Grover & Baker Sewing-Mach. Co.*, 41 Mich. 131 (1 N. W. 961, 32 Am. Rep. 146); 13 Am. & Eng. Enc. Law (2d Ed.), 332.

In *McGraw* v. *Insurance Co.*, 54 Mich. 145 (19 N. W. 927), it is said:

"Under the policy in question, proofs of loss required by its terms are a condition precedent to a right of recovery; and, in general, they are to be signed and sworn to by the assured in person. But the clause in question is subject to exceptions,—as where the owner is a nonresident, dead, or was insane or absent at the time when the loss occurred, and did not return in season to make the proofs, or did not possess the necessary information in reference to the matters required to be stated to make proofs, or that the objection as to their being made by the wrong person has been waived. See 2 Wood, Ins. § 413. But where the assured can himself make the necessary proofs, he should do so, or give a sufficient excuse for his failure; and ordinarily (though this is not essential) the reasons why the proofs were not made by the assured should be stated in the proofs of loss."

See, also, *O'Conner* v. *Insurance Co.*, 31 Wis. 160; *German Fire-Ins. Co.* v. *Grunert*, 112 Ill. 68; *Findeisen* v. *Insurance Co.*, 57 Vt. 520.

The terms of the insurance policy should be given a reasonable construction. They require the proofs of loss to be made within 60 days after the fire. During all this period of time Mr. Burns was unable, because of his very serious illness, to do any business whatever, and that fact is at once communicated to defendant. Within the 60 days, three adjusters make a careful examination at the place of the loss, of the loss, and its extent. One of these adjusters reported all the details of the loss to Mr. Anderson, who swore to the formal proofs of loss. Mr. Burns testified upon the trial in relation to this action of Mr. Howley and Mr. Anderson:

"The proofs of loss were prepared by Mr. John Howley, and were sworn to by Mr. F. B. Anderson, who was my deputy in that matter. Both acted as my agents."

In the proofs of loss Mr. Anderson described himself as the attorney for Mr. Burns. Accompanying the proofs of loss was a statement showing a valid reason why the proofs of loss were not made by Mr. Burns. As soon as he was able to do so, Mr. Burns ratified all that had been done upon his behalf.

The case is within the letter as well as the spirit of the law to which we have called attention. We do not deem it necessary to discuss the other questions. There was no conflict in the evidence as to the inability of Mr. Burns to do business between the time of the loss and the month of September, nor is there any conflict in the testimony that defendant was fully advised of this inability at the time the proof of loss was made. See *Cobbs* v. *Fire Ass'n*, 68 Mich. 465 (36 N. W. 222); *Towle* v. *Insurance Co.*, 91 Mich. 219, 226 (51 N. W. 987); *Marthinson* v. *Insurance Co.*, 64 Mich. 372 (31 N. W. 291); 2 Wood, Fire Ins. § 438, p. 953.

Judgment is affirmed.

HOOKER, C. J., GRANT and MONTGOMERY, JJ., concurred. LONG, J., did not sit.