TAYLOR v. SUPREME LODGE OF COLUMBIAN LEAGUE.

1. BENEFIT SOCIETIES—DEATH CLAIMS—WAIVER OF DEFENSES.
   A refusal by the officers of a benefit association to pay a death claim solely on the ground that the deceased had never paid an assessment constitutes a waiver of other defenses known to them at the time.

2. SAME—DELIVERY OF CERTIFICATE—PRESUMPTION OF PAYMENT.
   The delivery of a benefit certificate, reciting that it is issued in consideration of certain payments on delivery thereof, raises a presumption that the payments were made accordingly.

3. SAME—QUESTION FOR JURY.
   An insurance certificate recited that it was issued in consideration of the payment of a membership fee and $1.44 dues on delivery thereof. The soliciting agent remitted the membership fee and delivered the certificate. The treasurer of the society testified that the dues had not been received. *Held*, that the question of the payment of the dues was for the jury.

Error to Calhoun; Winsor, J.   Submitted October 8, 1903.   (Docket No. 12.)   Decided December 22, 1903.

*Assumpsit* by Ida E. Taylor against the Supreme Lodge of the Columbian League on a benefit certificate. From a judgment for plaintiff, defendant brings error. Affirmed.

*Ralph L. Aldrich*, for appellant.

*Andrew W. Lockton (Joel C. Hopkins*, of counsel), for appellee.

MONTGOMERY, J.   The plaintiff sued and recovered on an insurance certificate issued to her husband, John I. Taylor, in which plaintiff was named as beneficiary. The two main defenses insisted upon at the trial were: *First*,

that John I. Taylor falsely stated in his application for insurance that he had had no illness within the preceding 10 years, and had not consulted a physician; and, *second*, that the insured had not paid the dues for the month during which his death occurred.

As to the question arising out of the first contention, it may be stated that a waiver of this defense was clearly made out.   After the death of Mr. Taylor, it appears that the defendant's officers were in correspondence with Dr. Pitcher, and were informed by him that he had treated Mr. Taylor for an acute ailment some four or five years earlier.   With this information before them, they wrote plaintiff's attorney, in response to a letter demanding a settlement of the claim, declining on the distinct ground that John I. Taylor never paid an assessment.   No mention of any other defense is made, the ground of refusal being distinctly stated that the deceased never became a member of the order.   This constituted a waiver of other known defenses, and defendant will not, after expense of suit has been incurred, be permitted to shift ground, and assert additional grounds of defense.   *Marthinson* v. *Insurance Co.*, 64 Mich. 372 (31 N. W. 291); *Towle* v. *Insurance Co.*, 91 Mich. 219 (51 N. W. 987); *Burnham* v. *Casualty Co.*, 117 Mich. 142 (75 N. W. 445).

The plaintiff produced a certificate containing the recital:

"This certificate is issued in consideration of the membership fee, and the warranties and agreements contained in the application for this certificate and the applicant's medical examination, and the compliance with and conformity to all the statutes of the league as they now exist, or as they may from time to time be amended, added to, or repealed, and the payment of one and 44/100 dollars on delivery thereof, and a like payment on or before the last business day of each month thereafter."

The defendant called the treasurer of the local lodge and the treasurer of the grand lodge.   The former testified that the dues had not been received by him, and the

latter that they had not been transmitted or remitted to the grand lodge; and it is contended that this testimony overcomes the presumption arising from the delivery of the policy. It appeared, however, that the soliciting agent, Blakesley, did remit the membership fee, and by his direction the policy was delivered. The $1.44 was payable on delivery of the policy as much as was the membership fee. Blakesley was intrusted with the delivery of the policy, and the jury might well have drawn the inference that the full payment was made to him. The jury found that the dues were paid. The presumption of payment arises from the delivery of the policy. *Petherick* v. *Order of Amaranth,* 114 Mich. 420 (72 N. W. 262); *Wagner* v. *Supreme Lodge K. of H.,* 128 Mich. 660 (87 N. W. 903); *Illinois Central Ins. Co.* v. *Wolf,* 37 Ill. 354 (87 Am. Dec. 251); *Provident Life Ins. Co.* v. *Fennell,* 49 Ill. 180.

As we find a waiver of the alleged breach of warranty, and that there was evidence to support the finding that the dues were paid, the other questions discussed are rendered immaterial.

Judgment affirmed.

MOORE, CARPENTER, and GRANT, JJ., concurred. HOOKER, C. J., took no part in the decision.