## DAVIS v. EVANS.

(Filed October 31, 1905).

*Evidence — Transaction with Deceased — Argument of Counsel.*

1. In an action on a note given by defendant's intestate, if the plaintiff had undertaken to testify in his own behalf that he had or had not made a demand for payment of the note of the intestate such evidence should on objection have been excluded as incompetent under section 590, and it was not proper for defendant's counsel to comment on the failure of the plaintiff to testify on this question of demand.

2. Where counsel for the defendant, in his closing speech to the jury, commented on a fact not relevant to the issue and argued an erroneous proposition of law and this was immediately brought to the attention of the court, both by objection and by a prayer for instruction presented at the time, the failure of the court to advert to the matter either at the time or in the charge was error, which entitles the plaintiff to a new trial.

ACTION by S. E. Davis against M. E. Evans, Administratrix of A. M. Evans, deceased, on appeal from a justice of the peace before *Judge H. R. Bryan* and a jury, at the November Term, 1904, of the Superior Court of GRANVILLE County. The plaintiff declared on a note given to him by the defendant's intestate, and the defendant having pleaded payment, the question was held on that issue. Verdict and judgment for the defendant, and the plaintiff excepted and appealed.

*Graham & Devin* for the plaintiff.
No counsel for the defendant.

HOKE, J. The question presented for consideration is stated in the case on appeal as follows:

"When counsel for defendant in his closing speech to the jury contended that plaintiff had failed to testify that he had

ever demanded payment of the note from Mark Evans, in his life time, and proceeded to argue that that was some evidence that the note was not due, the counsel for plaintiff arose and called attention to the fact that under section 590 of The Code, the plaintiff was not competent to testify as to any transaction or conversation with the deceased, and at once requested the court in writing, to charge the jury as follows: 'That Mark Evans being dead, the plaintiff could not testify as to any transaction or conversation with him, except some conversation about which the administratrix had testified, and therefore could not have testified that he demanded payment of the note of Mark Evans, in his life time.' "

The court charged the jury as follows: "Defendant having admitted the execution of the note, the burden of proof as to its payment is upon her and she must show payment by the preponderance of the evidence. She contends the note has been paid, and the plaintiff contends it has not been paid. It is a mere question of fact. Counsel for defendant was right in stating that there is no law in it. If you find for defendant you will answer the issue 'yes;' if you find for plaintiff you will answer the issue 'no,' " and made no other response to plaintiff's prayer for instruction, nor other reference to the argument of defendant's counsel, objected to by plaintiff, either in the charge or at the time the same was made.

If the plaintiff had undertaken to testify in his own behalf that he had or had not made a demand for payment of the note of the defendant's intestate, such evidence should on objection have been excluded by the court. It clearly involved a transaction with the deceased, and was incompetent under section 590. *Armfield v. Colvert,* 103 N. C., 147; *Hopkins v. Bowers,* 108 N. C., 298; *Davidson v. Barden,* and *Stocks v. Cannon,* at this term.

When the counsel for defendant proceeded to comment on the failure of the plaintiff to testify on this question of demand, he was commenting on a fact not relevant to the issue,

and when he further argued to the jury that such testimony would not have been as to a transaction or conversation with the deceased, he was urging an erroneous proposition of law. This was immediately brought to the attention of the court, both by objection and by the prayer for instruction presented at the time. The argument was continued with the apparent sanction of the court, and was well calculated to make a wrong impression on the jury, to the plaintiff's prejudice. In failing to advert to the matter, either at the time or in the charge, there was error which entitles the plaintiff to a new trial.

Furthermore, the statement in the charge, "that the case presented only a question of fact; that the counsel for the defendant was right, there was no law in it," tended to confirm the impression the jury had no doubt already conceived, that the court approved, as sound, the legal proposition maintained by counsel. There is error. 2 Eng. Pl. & Pr., 710; Thompson on Trials, sec. 950; *People v. O'Brien,* 68 Mich., 467; *State v. Erle,* 9 Mo. App., 589; *State v. Ussery,* 118 N. C., 1177.

New Trial.