ITHACA ROLLER MILLS v. ANN ARBOR RAILROAD CO.

1. CARRIERS—DELIVERY—PRIMA FACIE OWNER.
Where goods are shipped through a carrier to a third party, on delivery to the shipper of a bill of lading, the consignee is *prima facie* the owner.

2. SAME—DELIVERY—PRESUMPTIONS—INTENT—EVIDENCE.
The presumption that the consignee is the owner of goods shipped through a carrier to a third person, on delivery to the shipper of a bill of lading, may be overcome by proof of facts showing the actual transaction and the intent of the parties.

3. SAME.
Where a contract for the purchase of goods requires delivery at the purchaser's town and the carrier acknowledges receipt of the goods for transportation from the seller, the contract is with the seller and the latter is the owner of the goods until delivery to the consignee, and can maintain an action in his own name for negligent performance of the contract of carriage causing damage to the goods.

4. SAME—INJURY TO GOODS IN TRANSIT—RIGHT OF CONSIGNEE.
A consignee of flour is not bound to accept it from a carrier

when it is in an unmerchantable condition and his contract is with the shipper for delivery at the purchaser's town.

5. SAME.

There was no acceptance of the goods by the consignee by making an inspection of the flour in the railroad freighthouse in his town, so as to constitute a good delivery.

6. SAME — INJURY TO GOODS IN TRANSIT — DAMAGES — CLAIMS — WAIVER.

The refusal by a carrier to pay to the consignor of goods a claim for damages on distinct and definite grounds, constitutes a waiver of its right to insist, after the consignor has incurred the expense of litigation, on other defenses known to it, including the defense that a claim for loss in writing was not made within four months after the loss.[1]

7. APPEAL AND ERROR—SCOPE OF REVIEW—DEFENSES NOT RELIED ON IN TRIAL.

A defense which was not raised in the trial court may not be raised for the first time on appeal.

Error to Gratiot; Searl, J. Submitted June 7, 1917. (Docket No. 9.) Decided July 26, 1917.

Assumpsit in justice's court by the Ithaca Roller Mills against the Ann Arbor Railroad Company for flour damaged in transit. There was judgment for plaintiff and defendant appealed to the circuit court. Judgment for plaintiff. Defendant brings error. Affirmed.

*Alexander L. Smith, Gustavus Ohlinger* and *O. G. Tuttle,* for appellant.

*John W. Myers,* for appellee.

FELLOWS, J. At the time the controversy here in-

_____
[1] On waiver or extension of time stipulated in carrier's contract for claim or suit against carrier, see note in L. R. A. 1916D, 1049.

volved arose Voorheis Bros. were conducting a general store at Homestead, and plaintiff was conducting a flouring mill at Ithaca. Both towns are within the State, and are located on the line of defendant's railroad. Voorheis Bros. ordered five barrels of flour of plaintiff in one-eighth barrel sacks. The price agreed upon was $5 per barrel for which price plaintiff agreed to deliver the flour to Voorheis Bros. at Homestead. On June 8, 1912, plaintiff delivered the flour to defendant for shipment, and a straight bill of lading was issued acknowledging receipt from plaintiff of the flour, naming it as the shipper, and Voorheis Bros. as consignees. Defendant has a freighthouse at Homestead, but did not have an agent there. Within an hour after the arrival of the flour at Homestead a member of the firm of Voorheis Bros. went to the freighthouse and found that 20 of the sacks of flour were soaked with oil, that 10 others were torn, the flour spilled out, and only 10 sacks were in good condition. They declined to accept the shipment, notified plaintiff, who at once sent forward another shipment of like amount and notified defendant's agent at Ithaca of the loss. Later a claim in writing was made to defendant. Nearly a year after receiving this written claim defendant refused to adjust the matter on grounds which we shall presently relate, and this suit was instituted in justice's court. On appeal the case was tried before the court without a jury, resulting in a judgment for plaintiff, to review which defendant sues out this writ of error.

Plaintiff sues in his own right and as assignee of Voorheis Bros. It is insisted by the defendant that it cannot maintain this action in its own right, that the title to the flour was in Voorheis Bros., and that there is no sufficient proof of assignment of the cause of action from them to plaintiff; therefore plaintiff must fail.

The bill of lading, as drawn, made Voorheis Bros. *prima facie* the owner of the goods shipped; this upon the theory that, where goods are shipped through a carrier to a third party, on delivery to the shipper of a bill of lading, the consignee is *prima facie* the owner. But this presumption may be overcome by proof of facts showing the actual transaction and the intent of the parties. *Sturges* v. *Railway Co.*, 166 Mich. 231 (131 N. W. 706) ; *Turnbull* v. *Railroad Co.*, 183 Mich. 213 (150 N. W. 132). In the instant case the proof is conclusive and undisputed that plaintiff's contract with Voorheis Bros. called for delivery of the goods to them at Homestead; the defendant acknowledged receipt of the goods for transportation from the plaintiff; named it in the bill of lading as the shipper; the contract of carriage was with it. Beyond question the plaintiff was the owner of the goods until their delivery to Voorheis Bros., was the owner when the damage was done, was the party with whom defendant contracted, and therefore can maintain this action in its own right for the negligent performance of the contract of carriage entered into between it and defendant. It therefore becomes unnecessary for us to determine whether the assignment by Voorheis Bros. to plaintiff of any cause of action they might have against defendant is as full and complete as may be necessary, or what the measure of damages is where the action is brought by the consignee, or in his right.

It is insisted that the consignees should have accepted the goods and brought an appropriate action for their damages against defendant. We do not hold that they could not have maintained such an action had they accepted the goods, but they were not bound to take the goods in their damaged condition. Voorheis Bros. had no contract with defendant. Their contract was with the plaintiff; it was a contract for the delivery of five barrels of flour merchantable and suit-

able for use. The flour tendered did not comply with their contract with plaintiff. They were not bound to accept it. Indeed, if they had accepted it, they would have been obligated to pay the contract price. *Gill & Co.* v. *Gaslight Co.*, 172 Mich. 295 (137 N. W. 690); *Columbus, etc., Iron Co.* v. *See*, 169 Mich. 661 (135 N. W. 920). In declining the shipment Voorheis Bros. acted fully within their rights; nor did they, by inspecting the goods upon their arrival at Homestead, accept them and thereby make a good delivery to them. *Yuille-Miller Co.* v. *Railway Co.*, 164 Mich. 58 (128 N. W. 1099).

The bill of lading contained the usual clause requiring claims for loss to be made in writing within four months. We have already stated that as soon as plaintiff learned of the loss it notified defendant's agent at Ithaca, and later filed a claim in writing. The written claim, however, was not made until May 21, 1913. Papers relative to the claim were then attached to it and it was delivered to the defendant. This claim, with the papers attached to it, was kept by the defendant until February 11, 1914, without any protest or suggestion that it was filed too late. On the last-mentioned date defendant wrote plaintiff the following letter:

"THE ANN ARBOR RAILROAD COMPANY.
            "TOLEDO, OHIO, Feb. 11, 1914.
"Refer to ...... 125648.
"Ithaca Roller Mills,
"Ithaca, Mich.
    "*Gentlemen:* Herewith returning all papers in your claim amounting to $25.00, for loss of flour consigned to Voorheis Bros., Homestead, Mich.
    "Beg to state that recently we have cleaned up the entire system of all this kind of freight, however, am sorry to say that these 48 sacks of flour were not in the Homestead freighthouse. Evidently your customer has removed this shipment.
    "I would, therefore, suggest that you communicate

with him, as there is no question but what a good amount of salvage could be realized on this flour.

"Yours truly,

"GES-D          [Signed] L. L. SHEPARD, F. C. A."

Having placed its refusal to adjust the claim on distinct and definite grounds, it has waived the right to insist, after plaintiff has incurred the expense of litigation, on other defenses then known to it, as this defense was. In the case of *Taylor* v. *Columbian League*, 135 Mich. 231 (97 N. W. 680, 106 Am. St. Rep. 392), Mr. Justice MONTGOMERY, speaking for the court, said:

"As to the question arising out of the first contention, it may be stated that a waiver of this defense was clearly made out. After the death of Mr. Taylor, it appears that the defendant's officers were in correspondence with Dr. Pitcher, and were informed by him that he had treated Mr. Taylor for an acute ailment some four or five years earlier. With this information before them, they wrote plaintiff's attorney, in response to a letter demanding a settlement of the claim, declining on the distinct ground that John I. Taylor never paid an assessment. No mention of any other defense is made; the ground of refusal being distinctly stated that the deceased never became a member of the order. This constituted a waiver of other known defenses, and defendant will not, after expense of suit has been incurred, be permitted to shift ground, and assert additional grounds of defense."

To the same effect see *Power* v. *Insurance Co.*, 121 Mich. 364 (80 N. W. 111), and authorities there cited; *Wallace* v. *Railway Co.*, 133 Mich. 633 (95 N. W. 750); *Soper* v. *Railroad Co.*, 113 Mich. 443 (71 N. W. 853).

But it is urged that a waiver operates as a discrimination, and is therefore not permissible within the case of *Georgia, etc., R. Co.* v. *Milling Co.*, 241 U. S. 190 (36 Sup. Ct. 541). Defendant filed request for findings of fact and conclusions of law. There were 17 requests for findings of fact and 10 requests for

conclusions of law. In none of these is there an intimation that this question is raised, nor are we able to discover anywhere in the record a suggestion of this question. Not having raised this question in the court below, it is not available here.

Finding no error in the record to the prejudice of the defendant, the judgment is affirmed, with costs.

KUHN, C. J., and STONE, BIRD, MOORE, STEERE, and BROOKE, JJ., concurred. OSTRANDER, J., did not sit.