STONE *v.* AMERICAN MUTUAL AUTO INSURANCE CO.

1. INSURANCE — AUTOMOBILES — THEFT INSURANCE — EVIDENCE—SUFFICIENCY—DIRECTED VERDICT.·

In an action on an insurance policy against the theft of an automobile, the proof that the automobile was stolen from plaintiff, *held,* sufficient to justify the trial judge in directing a verdict for plaintiff.

2. SAME—NOTICE OF LOSS—DEFENSES—WAIVER.

Although there was some contradiction in the testimony as to when· defendant's representative, whose authority is not questioned, was first notified of the theft, where he frequently informed plaintiff that he was investigating same, furnished the blank on which proof of loss was made, and made no denial of liability for the reason that notice had not been given before action was brought, the defense

On the question of automobile insurance against theft, robbery, and pilferage, see notes in 44 L. R. A. (N. S.) 75; 51 L. R. A. (N. S.) 584; L. R. A. 1915E, 579; L. R. A. 1917F, 543.

that the notice did not comply with the requirements of the policy was waived.

3. SAME—EVIDENCE—COLLATERAL ISSUE.
Where it appeared that plaintiff was indebted to the person in whose custody the automobile was at the time it was stolen, the question as to what the indebtedness was for, asked on cross-examination, was properly rejected, being collateral to the issue presented.

Error to superior court of Grand Rapids; Dunham (Major L.), J. Submitted January 4, 1921. (Docket No. 29.) Decided March 30, 1921.

Assumpsit by Carl E. Stone against the American Mutual Auto Insurance Company on a policy of insurance against theft. Judgment for plaintiff on a directed verdict. Defendant brings error. Affirmed.

*Harry Johnson* (*Lombard & Hext*, of counsel), for appellant.

*Frank J. Powers*, for appellee.

SHARPE, J. On November 30, 1918, defendant issued to plaintiff a policy of insurance protecting him against the loss of an automobile by theft. It is his claim that such automobile was stolen on June 28, 1919, while such policy was in force. He now sues to recover his loss occasioned thereby. The trial court directed a verdict in his favor for $531.90, and defendant appeals.

1. It is claimed that under the proofs the question as to whether the car was in fact stolen from plaintiff should have been submitted to the jury. It appeared that plaintiff was out of the city where he lived and had left the car in charge of Roman Glocheski; that Glocheski had used it on the day in question and parked it near his office and, on his return a few hours after, it was gone. We agree with the trial court that

there were no such discrepancies or contradictions in the testimony of these witnesses, or any statements claimed to have been made by them to others as to the loss, as justified the submission of the question to the jury.

2. The policy provided that immediate notice of the loss should be given to the defendant. The car was taken on Saturday, June 28, 1919. The plaintiff returned home the following day, but was not informed of the loss until Monday morning. He testified that he then called up defendant's representative, Mr. Caldwell, and told him about it and suggested that he should see Glocheski for particulars; that he saw him again later in the week and talked with him about it. Glocheski testified that he informed plaintiff on Monday morning that the car had been stolen and that he advised Mr. Caldwell of the fact on the same day, and that he afterwards saw and talked with him about it. A written statement relative to it was furnished on July 5th. Proof of claim for loss on a blank furnished by defendant was made on July 21st.

Mr. Caldwell testified that the first notice he received was a telephone call from Glocheski on July 5th; that, accompanied by Deputy Sheriff Wyman, he went to Glocheski's office and the written memorandum was then made; that he made investigation thereafter concerning the loss of the car, and that he furnished the blank on which proof of loss was made to Mr. Stone, with a request that he fill it out; that in frequent conversations thereafter he told plaintiff that the company was investigating the loss; that there was no denial of liability for the reason that notice had not been given before suit was brought. We think the trial court was justified in his conclusion that, even if the notice given did not comply with the requirements of the policy, such defense was waived by the subsequent acts of the defendant's representa-

tive, whose authority was not questioned. *Hohn* v. *Casualty Co.*, 115 Mich. 79; *Towle* v. *Insurance Co.*, 91 Mich. 219, and cases cited.

3. It appeared that after plaintiff's loss he had assigned his right to recover therefor to Glocheski, but a reassignment had been made to plaintiff before suit was brought. Glocheski was cross-examined as to these transfers and, after stating that plaintiff owed him $800 at the time the transfer was made, he was asked, "Q. What was that for?" To this an objection was interposed and sustained. The reason assigned by counsel for its materiality was, "This witness was very closely associated with the disappearance of this car." The matter was collateral to the issue presented. We think there was no prejudicial error in the ruling of the court.

The judgment is affirmed.

STEERE, C. J., and MOORE, WIEST, FELLOWS, STONE, CLARK, and BIRD, JJ., concurred.