W. B. NORRIS et al. v. N. S. STEWART'S HEIRS.

*Evidence — Transactions with Deceased Persons — Character —
Fraud — Objection to Testimony — Witness.*

1. The wife of a deceased husband is a competent witness in an action
   affecting his estate, except as to transactions and communications
   between herself and him, though she be interested in the result
   of the suit.

2. Objection to the introduction of such inhibited transactions and
   communications must be interposed when the witness is proceed-
   ing to testify.

3. Evidence of general good character is not admissible as a defence
   against an allegation of *fraud*.

4. It is essential that the character be put in issue by the nature of the
   action itself before such evidence is admissible.

This was a CIVIL ACTION, tried at November Term, 1889,
of HARNETT Superior Court, before *Armfield, J.*

The plaintiffs complained that the defendant Stewart
had, by false and fraudulent representations and pre-
tences, obtained the signature of Amos Johnson, father of
*feme* plaintiff, to a deed of conveyance to certain lands.
Stewart died after suit commenced, and his heirs were
made parties.   One Rachel Johnson, widow of Amos
Johnson, introduced in behalf of plaintiffs, was allowed to
testify, after objection by defendants as to her competency
to testify to transactions or communications other than those
between herself and her deceased husband.   She also, after-
wards, but without special objection interposed, testified of
such transactions and communications. She testified further
that he was a drinking man and got on sprees; that defend-
ant Stewart could influence him.   There was also other tes-
timony tending to show that Stewart was the agent of Amos
Johnson.

The defendants introduced the testimony of Maria Britt, tending to disprove that of Rachel Johnson; and other evidence to show that she, Rachel, lived on bad terms with her husband, and that she was, at one time, a woman of bad character.

Defendants then offered to show, in contradiction of Rachel Johnson's testimony, and for general purposes, that defendant Stewart's character was good.

Upon objections by plaintiffs, this was ruled out, and defendants excepted.

Verdict and judgment for plaintiffs. Motion for new trial overruled. Appeal by defendants.

*Mr. R. P. Buxton,* for plaintiffs.
*Mr. F. P. Jones,* for defendants.

SHEPHERD, J.:   1. When Rachel Johnson was introduced in behalf of the plaintiffs, her competency was objected to by the defendants. The Court overruled the objection, and the defendants excepted. Conceding that she was interested in the result of the action, it is too plain for argument that she was a competent witness, the only restriction being that she could not testify as to any transaction or communication between herself and her deceased husband. *The Code,* § 590. Being a competent witness, the general objection was properly overruled, and she was permitted to testify to many matters which were not inhibited by the above section of *The Code.* When she was proceeding to testify to such inhibited transactions and communications, it was the duty of the defendants to interpose their objections, and as they failed to do so, they must be deemed to have waived them.

2. The exception to the refusal of his Honor to admit the testimony as to the good character of Stewart, is likewise without merit.

The action is brought by the heir at law of Amos Johnson for the purpose of setting aside a deed executed by him to Neill S. Stewart, the ancestor of the defendants, on the ground that said Stewart obtained the execution of the said conveyance by fraud and undue influence. There was testimony tending to sustain the allegations of the plaintiffs, and the testimony as to character was offered to contradict such testimony, and for " general purposes."

As a general rule, evidence of good general character is inadmissible, by way of defence, in civil actions in which a party is charged with a specific fraud, because the character of every transaction must be ascertained from its own circumstances, and not from the character of the parties. *Fowler* v. *Ætna Ins. Co.*, 6 Cowan, 673 ; 16 Am. Dec., 460.

Such evidence is not admitted in civil actions unless the nature of the action involves the general character of the party, or goes directly to affect it. 1 Greenleaf, § 54 ; 1 Phil. Ev., 10th ed., 757 ; *Church* v. *Drummond*, 7 Ind., 17 ; *Gutziviller* v. *Lackman*, 23 Mo., 168 ; *Porter* v. *Seiler*, 23 Pa. St., 424 ; *Ward* v. *Herndon*, 5 Port., 382. In such a case, no matter how serious a moral delinquency may be involved in a fact, and how much the establishment of that fact may affect a party's reputation, he cannot invoke the aid of his previous reputation to disprove the fact. *Smets* v. *Plunket*, 1 Strobb., 372.

In civil cases, where the question of character is directly in issue, and material as to the amount of damages, as in seduction, or slander, evidence of character is admitted. *Wright* v. *McKee*, 37 Vt., 161.

The foregoing authorities, taken from the able and discriminating note of Mr. Freeman to the case of *O'Bryan* v. *O'Bryan*, 53 Am. Dec., 133, are entirely sustained by the decisions of this and other Courts, both in England and America. See *Heileg* v. *Dumas*, 65 N. C., 214 ; *McRae* v. *Lilly,* 1 Ired., 118.

It is contended, however, by the defendant, that Stewart's character was put in issue. This is a misconception. The true rule is laid down by TILGHMAN, C. J., in *Anderson* v. *Long,* 10 Sergt. & Rawle, 61: "The plaintiff's counsel say that the character of James Anderson was put in issue here, because the defendant accused him of fraud. But that is not putting character in issue. By the same mode of reasoning, the defendant's character is put in issue in every action of assumpsit, because the declaration charges him with an intent to *deceive* and *defraud* the plaintiff. Indeed, in most of the controversies in Courts of Justice, it may be said, with some degree of truth, that character is in question, because an honest man would not act with injustice. But *putting character in issue* is a technical expression, and confined to certain actions, from the nature of which the character of the parties, or some of them, is of particular importance. Such is the action brought by one man against another for seducing his wife and having criminal connection with her. There the injury done to the plaintiff consists mainly in the good conduct of his wife before her seduction, and, therefore, the defendant is permitted to show that she is unchaste. So, in an action for slander, the plaintiff in his declaration asserts his own good character, and avers the intent of the defendant to rob him of it. He puts his character in issue, therefore, and the defendant is at liberty to impeach it. But it has never been supposed that character is put in issue merely by the charge of fraud made by one party against the other."

Thus where, in ejectment, the title depended upon the question whether a party had committed a fraud in procuring a will, he was not allowed to show his good character. Bul. N. P., 296. So, where an information was filed against a defendant under the excise laws to recover a penalty for his keeping false weights, his good character could not be brought into the evidence. 2 Bos. & Pul., 532.

In *Gough* v. *St. John*, 16 Wend., 646, it was held that evidence of the good character of the defendant for honesty and fairness was not admissible in an action on the case for fraudulent representation.   COMAN, J., said that it was agreed "that this action charges the obtaining of checks by false pretences, which is a felony by the revised statutes.   I answer, as did DOGGETT, J., in *Humphrey* v. *Humphrey*, 'causes charging cruelty, gross fraud, and even forgery, are often agitated in suits by individuals; and the result not unfrequently affects the property and reputation of the party deeply; yet, no individual has been permitted to attempt to repel the proof by showing a good reputation."

In *Woodruff* v. *Whittlesey*, Kirby R., 60, the issue was whether there was a fraudulent transfer of a heifer, and the Court excluded testimony as to the good character of the parties to the alleged fraudulent conveyance.   So, where the defendant was charged with burning wheat belonging to the plaintiff, evidence of good character was held inadmissible.  *Burton* v. *Thompson*, 56 Iowa, 571.

These cases serve to illustrate what is meant by putting character in issue, and show, very conclusively, that our case does not fall within the rule which permits the introduction of the testimony offered by the defendants.

Affirmed.