L. C. BOWMAN v. W. S. BLANKENSHIP ET AL.

(Filed 13 May, 1914.)

1. Witnesses — Evidence, Impeaching—Declarations to Third Persons.

   Declarations of a witness made to third persons bearing upon testimony which he has given and which has been controverted or impeached, are admissible, but only to the extent of sustaining or corroborating the truth of his testimony, and not as substantive evidence.

2. Evidence—Admissions—Testimony at Former Trial—Substance in Full.

   Testimony of a witness of admissions made by a party to the action while testifying on a former trial, and directly bearing on the issue, is competent without giving the full substance of what the party had then testified; and where the matter in controversy involves only the question as to whether the plaintiff, in his action for damages for breach of defendant's contract made with him to cut timber from his lands, had only one or two years in which to cut, the plaintiff claiming the latter, it is competent for a witness in plaintiff's behalf to testify that on a former trial the defendant testified that it was two years, without stating substantially the full testimony of the defendant at that time.

3. Contracts — Interpretation—Cutting Timber—Damages—Diminution—Personal Supervision—Employment Elsewhere.

   Where the plaintiff and defendant have entered into a contract whereby within the term of two years the plaintiff was to cut the timber from the defendant's land at a specified price per thousand feet, and the defendant, by breach of this contract, has prevented the plaintiff from continuing to cut the timber in accordance with the terms of the agreement, and where the plaintiff's damages are capable of being definitely ascertained, the defendant is not entitled to have the amount of the damages recoverable diminished by the time the plaintiff may have been absent from this work, being engaged elsewhere for profit, it appearing that the contract did not require the personal presence of the plaintiff, but only looked to the completion of the cutting in the time specified.

APPEAL by defendant from *Daniels, J.,* at May Term, 1913, of CATAWBA.

Civil action to recover damages for alleged breach of contract to cut timber.

There was evidence on part of plaintiff tending to show that, in September, 1909, he made a contract to cut or have cut for defendants the timber standing on a certain tract of land of about 100 acres at a specified price per thousand feet, etc., and was to have two years to cut same; the defendants not desiring to have any of the timber cut in the warm weather; that plaintiff, having employed competent workmen, sawyers, etc., entered on the performance of the contract and cut between 400,000 and 500,000 feet, and for which he was paid, and was proceeding to cut the remainder in the Fall of 1910, when he was stopped by defendant and made to give up the job, leaving 255,000 feet of pine and poplar and 40,000 feet of oak on the tract still uncut and from which, at the contract price, plaintiff could have realized a definite profit.

Defendants admitted there was a contract for plaintiffs to have the timber cut, but alleged and claimed that the cutting was to be completed in one year's time, and claimed damage for the breach of contract on plaintiff's part, and, further, that in the portion of timber cut plaintiffs had committed unnecessary spoil and injury, to defendant's damage, which was set up by way of counterclaim, and offered evidence in support of this position.

On issues submitted, the jury rendered the following verdict:

1. Did defendant wrongfully refuse to allow plaintiff to manufacture the 307,000 feet of timber in question, in violation of the contract, as alleged in the complaint? Answer: "Yes."

2. If so, what damage, if any, has plaintiff suffered on account of such refusal? Answer: "$235."

3. Did plaintiff wrongfully fail to manufacture the 307,000 feet of timber in question in the season of 1909 and 1910? Answer: "No."

4. If so, what damages, if any, have defendants suffered on account of such failure? Answer: "None."

5. What damages, if any, have defendants suffered on account of a failure on the part of plaintiff to cut and manufacture the

merchantable timber on that portion of the land from which plaintiff manufactured lumber? Answer: "None."

Judgment on the verdict for plaintiffs, and defendant excepted and appealed.

*A. A. Whitener for plaintiff.*
*W. A. Self for defendant.*

HOKE, J., after stating the case: It was urged for error on the part of defendants that certain declarations of plaintiff to third persons were admitted in corroboration of his testimony given at the trial.

While there is conflict of authority elsewhere in regard to testimony of this character, its admissibility in this jurisdiction has been too long established to permit of further question. *Allred v. Kirkman,* 160 N. C., 392; *S. v. Exum,* 138 N. C., 612-13; *Jones v. Jones,* 80 N. C., 246. Speaking to this question in *Exum's case, supra,* the Court said:

"The courts of this country are not in accord as to the admission of this character of evidence—previous consistent statements to corroborate a witness who testified at a trial. Some of them reject such evidence altogether as unsound in principle and dangerous in practice. Some of those that admit the evidence have placed restrictions upon it, which we think go rather to its force than its competency; and the decisions of our own State have gone some further, perhaps, than the others in its admission. All the courts admitting such evidence are agreed that it is only competent as affecting the credibility of the witness, and is never used as substantive or independent supporting testimony; and, further, that it is never admitted until the witness has been in some way impeached. And it is held here by repeated and well supported adjudications that whenever a witness has given evidence in a trial and his credibility is impugned, whether by proof of general bad character or by contradictory statements by himself, or by cross-examination tending to impeach the veracity or memory of the witness, or at times by his very position in reference to the cause and its parties—'In whatever way

the credit of the witness may be impeached,' said *Smith, C. J.,* in *Jones v. Jones,* 80 N. C., 246, 'it may be restored or strengthened by this or any other proper evidence tending to restore confidence in his veracity and in the truthfulness of his testimony.' *S. v. Craine,* 120 N. C., 601; *S. v. Whitfield,* 92 N. C., 831. And it makes no difference, in this State at least, whether such evidence appears in a verbal or written statement, nor whether verified or not. *S. v. Craine, supra.* Nor does it signify whether the previous statements are near or more remote from the occurrence, nor *ante litem motam* or pending the controversy. *Jones v. Jones, supra.* Such circumstances only go to its force, and not to its relevancy."

The same position is in support of the evidence of Miles Teague, also objected to, that after the contract between plaintiff and defendant, which witness heard· and testified to, the plaintiff engaged him to do the logging, and he was to have two years. This was received also in corroboration and was competent for the purpose, being in that aspect an act and declaration of plaintiff admissible in corroboration on the same principle.

It was further insisted for error that W. A. Holler, a witness for plaintiff, was allowed to say that defendant W. S. Blankenship, testifying in a former suit between these parties, had made the statement that plaintiff was to have two winters in which to cut the timber on the piece of land contracted for; the objection being, as we understand it, that the statement of an isolated fact of that kind should not be received in evidence unless there was some statement of the context.

The principle contended for by counsel is recognized and extended where, in proper instances, it is sought to put before the jury the evidence of a witness who has testified on a former trial and has since died or, for some valid reason, cannot attend in person; but it has no application as to admissions of a party. Whether sworn or not, these are always admissible when relevant to the issue and to the extent that they have significance in contradiction of the party who makes them or in support of his adversary. The fact involved in this exception, whether the

plaintiff was to have one or two years in which to do the work, was the principal question at issue between the parties, and the evidence was clearly admissible.

Again, it was contended that, on the issue as to damages, the court committed error in not allowing, in diminution, the value to him of certain work that plaintiff, in the two years period, had been enabled to do for other persons. If this had been a contract for plaintiff's services or even for the use of a certain mill owned and run by plaintiff, the position might be made available to defendant, but the evidence tends to show that this was a definite contract for cutting the timber on a designated piece of land at a stipulated price per thousand. There is nothing in the record tending to show that plaintiff's personal services were contracted for or secured or that any particular mill was in contemplation. On the contrary, plaintiff seems to have arranged and contracted to have the work done by others.

The case, then, is one for breach of a contract that is definite and entire, affording data from which the profits could be ascertained with reasonable degree of certainty, and, on authority, plaintiff is entitled to recover the present value of such profits, undiminished by what he otherwise earned. *Wilkinson v. Dunbar,* 149 N. C., 20; *Masterdon v. Mayor,* 7 Hill, 61.

There is no error, and the judgment on the verdict is affirmed.

No error.