PHILIP NELSON v. SOUTHERN RAILWAY COMPANY.

(Filed 24 November, 1915.)

**Railroads—Master and Servant—Safe Place to Work—Pedestrians—Defect in Crossties.**

> Where the roadbed of a railway company is in good condition for the operation of its trains it does not ordinarily owe a duty to its employees to see that the crossties are sufficiently sound for their safety in walking along the track in the performance of their duties; and it is held in this case that it was not responsible in damages to its civil engineer for an injury received by him while locating a sidetrack, by reason of a rotten place in a sill giving way under his weight, causing his foot to slip down about five or six inches to the ballast of the road, resulting in his injury; for such an accident is not attributable to the negligence of the master in failing to provide his servant a safe place to work, or to the want of exercising ordinary care in anticipation of such result.

APPEAL by defendant from *Lyon, J.,* at the April Term, 1915, of GUILFORD.

Civil action tried upon these issues:

1. Was the plaintiff injured by the negligence of the defendant, as alleged in the complaint? Answer: Yes.

2. Did the plaintiff by his own negligence contribute to his injury, as alleged in the answer? Answer: No.

3. Did the plaintiff assume the dangers and risks, as alleged in the answer? Answer: No.

4. What damages, if any, is plaintiff entitled to recover? Answer: $6,500.

From the judgment rendered the defendant appealed.

*Brooks, Sapp & Williams for the plaintiff.*
*Wilson & Ferguson for the defendant.*

BROWN, J. On 26 June, 1914, the plaintiff, being at that time a civil engineer for the defendant, went to Keysville, Va., to make surveys for a sidetrack. The superintendent met him there and showed him where the track was to be located. The plaintiff then went to work on his survey. He went over the track and marked stations on the rails 100 feet apart, and then located the sidetracks and took some levels. After this was finished he walked back over the track to check the stations. He testified that about three or half-past three in the afternoon he was walking along the track between the rails checking these stations with his notebook. After passing station 21, he stepped upon a crosstie from which a small piece 1½ inches by 6 inches "V" shaped, shivered off under his weight. His foot slipped down between the ties into a space about five or six inches deep from the top of the tie to the ballast. He stumbled, fell and dislocated his knee cap.

The principle of law upon which plaintiff rests his case is that defendant owed him a duty to provide him a reasonably safe place to do his work. The plaintiff admits that he could have done his work by walking outside of the track on the ground as well as between the rails on the ties, and that the track was in perfectly safe condition for the operation of trains and for all purposes for which a railroad track is intended.

From the circumstances in evidence, we are unanimously of the opinion that the injury inflicted on plaintiff was an accident, pure and simple, an unexpected and unforeseen result of a known cause, which ordinary foresight and precaution by defendant could not guard against.

As was remarked in the consideration of this case, the injury was as much the result of an accident as the hammer case (128 N. C., 264), or any other cases involving accidental injuries brought before us. To hold otherwise would make the defendant an insurer against all possible injury, and the master is not an insurer of the servant's safety.

All that can be required of the master is that he shall use due and reasonable diligence in providing safe and sound machinery, in providing a safe place, and in the selection of fellow servants of competent skill and prudence, so as to make it reasonably probable that injury will

not occur in the exercise of the employment. Labatt's Master and Servant (2 Ed.), Vol. 3, sec. 919; *Nail v. Brown,* 150 N. C., 535.

*Railway v. Reynolds,* 20 S. E., 70, is on all-fours with this. In that case a conductor had gone back on the track for some necessary purpose, after stopping his train. He walked across a trestle and stepped on a crosstie on the top of which was a small bit of decayed sap, "V" shaped and seven inches long, which under the pressure of his foot shivered off, causing him to fall and sustain serious injury. The Court said: "The real and immediate cause of this *accident* was the slipping of his foot upon the crosstie because of the giving way of the little piece of decayed sap upon its edge."

Again the Court proceeds to say: "It did not appear that this crosstie was not otherwise sound and in all respects sufficient and suitable for the use for which it was intended. *It certainly was not the purpose of the company, in having ties, to make a way for employees to walk upon, but to make a safe roadbed for the running of its trains.* The simple truth is that the injury the plaintiff received was a mere casualty incident to the ordinary risks which he assumed in accepting his employment. This seems too plain for argument. Accidents will happen, not only in the best regulated families, but upon the best regulated railways as well, and to allow the recovery to stand in the present case would be holding the company liable for the consequences of a mere accident for which it is in no fair view responsible."

Other cases supporting this view are *R. R. v. Rieden,* 107 S. W., 665; *Kerrigan v. R. R.,* 194 Pa. St., 98.

To require of a railroad company to discover every little "doty place" in every one of its thousands of crossties in order that its employees of every class may walk with absolute safety on them would demand of it a degree of care and diligence almost beyond human endeavor. We are of opinion that the motion to nonsuit should be granted. It is so ordered.

Reversed.