RICHARD W. BROWN v. V. P. LOFTIS, TRADING AND DOING BUSINESS AS V. P. LOFTIS COMPANY.

(Filed 27 November, 1946.)

**1. Trial § 23a—**

Where plaintiff's evidence tends to establish each essential element of his cause of action, defendant's motion to nonsuit is properly denied notwithstanding his evidence in contradiction thereto, since conflicting evidence raises an issue of fact for the jury.

**2. Appeal and Error § 6c (5)—**

A general exception to the charge as given is insufficient to present appellant's contention, argued in his brief, that the charge violated G. S., 1-180, in failing to charge upon a particular phase of the case.

**3. Evidence § 18—**

Where plaintiff's statement on direct examination is impeached by defendant on cross-examination, it is competent for plaintiff on re-direct examination to testify as to related matters, though not directly in issue in the action, for the purpose of re-establishing his credibility.

APPEAL by defendant from *Alley, J.,* at 6 May, 1946, Term, of MECKLENBURG.

Civil action to recover on contract.

Plaintiff alleges, in his complaint, in brief, that during the early part of May, 1944, he entered into a contract with the defendant to raise the tanker "Gulfland" which had been sunk in the Atlantic Ocean off the coast of the State of Florida, for which he was to be paid a weekly salary of two hundred fifty ($250) dollars; that "in addition thereto he was to be paid a bonus of fifty per cent of said salary of $250 per week, pro-

BROWN v. LOFTIS.

vided said vessel should be successfully raised and floated"; that he began work for defendant under said contract on 17 May, 1944, and continued in said employment for fourteen weeks from said date; that he was "successful in raising said tanker 'Gulfland' and putting her afloat"; that he is entitled to receive therefor the sum of $3,500 as a straight salary and "the additional sum of $1,750 as a bonus for having successfully raised and put afloat the said vessel," making a total of $5,250; that defendant has paid plaintiff the sum of $600, leaving a balance of $4,650; and that he is entitled to recover of defendant said sum of $4,650, with interest thereon from 23 August, 1944, until paid, for which amount judgment is prayed.

Defendant, answering, denies in material aspect all of said allegations of the complaint.

Upon the trial below plaintiff offered evidence in detail tending to support the allegations of his complaint as hereinabove stated. On the other hand, defendant offered evidence tending to support categorically his denial of the allegations of the complaint. The evidence was in sharp conflict.

The case was submitted to the jury upon these issues, which the jury answered as shown:

"1. Did the plaintiff and the defendant enter into an oral contract under the terms of which it was agreed that the plaintiff would assist in the raising from the Atlantic Ocean off the East Coast of Florida the boat known as the Gulfland at and for a wage or salary of $250 per week and a bonus of $125 per week to be paid to the plaintiff by the defendant upon the completion of said work, as alleged in the complaint? Answer: Yes.

"2. Did the plaintiff perform said contract on his part, as alleged in the complaint? Answer: Yes.

"3. Did the defendant commit a breach of said contract, as alleged in the complaint? Answer: Yes.

"4. What amount, if any, is the plaintiff entitled to recover of the defendant? Answer: $4,650.00 with interest."

From judgment on the verdict, defendant appeals to the Supreme Court and assigns error.

*Jones & Smathers and Claude L. Love for plaintiff, appellee.*
*Helms & Mulliss and Fred B. Helms for defendant, appellant.*

WINBORNE, J. Careful consideration of the assignments of error presented on this appeal fails to disclose error in the trial below.

Appellant first challenges the correctness of the ruling of the court in refusing to grant his motions for judgment as in case of nonsuit. In this connection, evidence offered by plaintiff, taken in the light most

favorable to him, tends to show: (1) An express oral contract as alleged in the complaint; (2) a compliance by him with the terms of the contract; and (3) a breach of the contract by defendant. On the other hand, the evidence for defendant tends to show that no such contract existed, and that if it did exist plaintiff failed to fulfill it, and that there is no breach of it shown. But, all in all, the evidence presents a clear-cut but sharply contested issue of fact for the jury.

Appellant also excepts to certain portions of the charge as given with respect to the second, third and fourth issues, and upon such exceptions contends that the court failed "to instruct the jury to the effect that in no aspect of the case was the plaintiff entitled to a bonus payment, unless the ship was raised,"—in violation of provisions of G. S., 1-180. It is noted, however, that there is no exception in the record presenting the question of the failure of the court to charge as required by the statute, G. S., 1-180. Hence, argument unsupported by exception is insufficient to present the question, and will not be considered on appeal. See *S. v. Britt,* 225 N. C., 364, 34 S. E. (2d), 408, in opinion by *Denny, J.,* where the authorities are assembled. The question may not be presented on exception to charge as given. However, if there were exception here presenting the question, it would seem to be untenable in the light of the charge given by the court.

Appellant further assigns as error evidence, admitted over his objection, as to plaintiff's remuneration under other contracts on which he had worked before entering upon the work under the contract alleged in this action, and under contracts entered into after the completion of the work on the Gulfland. This testimony was admitted in response to cross-examination tending to impeach testimony of plaintiff. The record shows that plaintiff on direct examination testified that he told defendant "that seeing as how I was making about $250 a week with the Navy Salvage, I expected that much of him, etc." The cross-examination of him tended to impeach the statement as to what he was making. Then in response thereto he was permitted to state on re-direct examination what he was making in similar work under other employment. In the light of this setting, the evidence was competent for the purpose for which it was admitted. See *Jones v. Jones,* 80 N. C., 246; *Bowman v. Blankenship,* 165 N. C., 519, 81 S. E., 746; Stansbury on North Carolina Evidence, section 50, p. 79. In the *Jones case, Smith, C. J.,* used this pertinent expression: "In whatever way the credit of the witness may be impaired, it may be restored or strengthened by this or any other proper evidence tending to insure confidence in his veracity and in the truthfulness of his testimony."

All other assignments have been considered, and are found to be without merit, and require no further elaboration.

Hence, in the judgment below we find

No error.