, A. T. MORGAN, ADMR., v. CAROLINA COACH CO., ET AL.

(Filed 10 December, 1947.)

**1. Automobiles § 8d—**

The stopping of a bus on the right side of the highway on the hard surface to permit a waiting passenger to board the bus is not negligence.

**2. Evidence § 20: Trial § 31b: Appeal and Error § 39f—**

In a civil action, defendant's evidence of good character relates only to his credibility as a witness, and an instruction that it might also be considered as substantive evidence for defendant must *be held* for prejudicial error when it appears that it may have influenced the verdict of the jury.

**3. Automobiles §§ 17, 18h (3): Negligence § 12—**

A 13-year-old girl alighted from a school bus on a dirt road some 25 feet to the north of its intersection with a highway. A bus of a common carrier, headed west, was standing, with its motor running, on the hard surface on the north side of the highway. In attempting to cross the highway the girl ran back of the bus, and was struck by a car traveling east. Her vision of the car was obstructed by the bus. *Held:* The 13-year-old child was not guilty of contributory negligence as a matter of law.

APPEAL by plaintiff from *Pittman, J.,* at February Term, 1947, of MOORE.

Civil action to recover damages for death of plaintiff's intestate, alleged to have been caused by the wrongful act, neglect or default of the defendants.

On the afternoon of 1 January, 1945, plaintiff's 13-year-old daughter was a passenger on a school bus traveling in a westerly direction from Carthage on Highway No. 27. When the driver of the bus reached the end of his westerly run, and where the plaintiff's daughter was to alight, he turned to his right and drove his bus off the highway and onto a side road (unpaved), as was his custom in turning around at this point. He stopped at right angles with the Highway leaving a space of from 8 or 9 to 10 feet between the rear of his bus and the edge of the hard surface.

A bus of the Carolina Coach Company was following the school bus and stopped at this point to pick up a passenger who was standing on the eastern edge of this side road. The front of the defendant's bus, passed the rear of the school bus and was near the western edge of the side road when it came to a stop on the hard surface. Here the waiting passenger got on the defendant's west-bound bus.

In the meantime plaintiff's daughter was discharged from the school bus at a point about 25 feet from the hard surface of the highway and was in the act of going behind the bus of the Carolina Coach Company

and running across the hard surface, which was 18 feet wide at that point, when she was struck by a car traveling in an easterly direction and driven by the defendant, G. E. Gibbs. The view of plaintiff's intestate, as well as that of the defendant Gibbs, was, for an interval, obstructed by the presence of the bus of the Carolina Coach Company. Its motor was in the rear and running at the time.

Plaintiff's evidence tends to show that the speed of the Gibbs car was around 50 miles an hour. The defendants say it was not more than 35 or 40 miles an hour. In any event, the Gibbs car was not more than 8 or 10 feet away, so he testifies, when plaintiff's intestate ran from behind the defendant's bus and attempted to cross the southern half of the hard surface. Gibbs swerved his car to the right, but was unable to avoid striking the plaintiff's daughter. Gibbs took her in his car and did all he could for her but she died as a result of the injuries before reaching the hospital.

The jury found, on separate issues, that neither defendant was negligent and that plaintiff's intestate was contributorily negligent.

From judgment on the verdict, the plaintiff appeals, assigning errors.

*H. F. Seawell, Jr., and Douglass & McMillan for plaintiff, appellant.*

*J. Laurence Jones and William D. Sabiston, Jr., for defendant Coach Co., appellee.*

*M. G. Boyette for defendant Gibbs, appellee.*

Stacy, C. J. The case was here at the Fall Term, 1945, on demurrer to the complaint. 225 N. C., 668, 36 S. E. (2d), 263. It is here now on plaintiff's appeal from an adverse verdict. It will be noted at once that the case as made by the evidence differs widely from the one alleged in the complaint.

The jury was justified in exculpating the defendant, Carolina Coach Company, from liability under what was said in *Peoples v. Fulk,* 220 N. C., 635, 18 S. E. (2d), 147; *Leary v. Bus Corp.,* 220 N. C., 745, 18 S. E. (2d), 426, and *White v. Chappell,* 219 N. C., 652, 14 S. E. (2d), 843.

The defendant G. E. Gibbs, offered four witnesses who, without objection, testified to his good character in the community where he lives, and in the court's charge, reference was made to this evidence as follows: "Character evidence is substantive evidence; that is, it is basic evidence; not only substantive evidence but it also bears on his credibility as a witness," etc. This, of course, was erroneous as the case is one in tort based on alleged negligence. The issues are civil, rather than criminal, in character, and the evidence was competent only as affecting the defendant's credibility as a witness. *Lumber Co. v. Atkinson,* 162 N. C., 298,

78 S. E., 212. The trial court seems to have overlooked this difference, for the moment. Nevertheless, it had the effect of casting the substantive weight of such evidence into the scales against the plaintiff, and may have been the determinative factor in the case. It was sufficient to affect the atmosphere and tone of the trial, a circumstance which commands the attention of every experienced practitioner.

The defendant, on the other hand, says that in all events, the error should be regarded as harmless since plaintiff's intestate was guilty of contributory negligence as a matter of law. We are unable to agree with this contention in the light of what was said in the recent case of *Sparks v. Willis, ante,* 25, and cases there cited, especially *Smith v. Miller,* 209 N. C., 170, 86 S. E., 1036.

Hence, the result:

No Error as to the defendant, Carolina Coach Co.

New Trial as to the defendant, G. E. Gibbs.