STATE v. LUTHER "LUKE" KIMMER and WILLIAM MATHIS, Alias WILL MATHEWS.

(Filed 7 November, 1951.)

**Burglary § 10: Larceny § 6—**

In a prosecution for breaking and entering and larceny, the admission in evidence of search warrants reciting the theft of articles not recovered and reciting affiants' belief that they were concealed on the premises of defendants, which recitals are not in corroboration of the testimony of the affiants upon the trial, *held* prejudicial.

APPEAL by the defendants from *Phillips, J.,* May Term, 1951, of IREDELL. New trial.

The defendants were indicted for breaking and entering and larceny. There was verdict of guilty, and from judgment imposing sentence the defendants appealed.

*Attorney-General McMullan and Assistant Attorney-General Moody for the State.*

*J. G. Lewis and Claud Hicks for defendants, appellants.*

DEVIN, C. J. The evidence considered in the light most favorable for the State was sufficient to carry the case to the jury.

One of the material questions involved was the identification of property found in possession of the defendants as having been stolen from W. H. Renegar, the owner of the house alleged to have been entered. Separate search warrants had been issued for the premises of the two

defendants. The court properly held these were issued in substantial accordance with the statute and the evidence disclosed thereby competent.

The State, however, offered these warrants in evidence, and defendants' objection to their admission was overruled by the court. There was thus submitted to the jury to be considered as evidence the following statement of facts set forth in these warrants:

(1) "Ruby Johnson, Iredell County, on information and belief, being duly sworn, deposes and complains that on or about the 25th day of Dec. 1950, at Iredell County, certain property, to-wit: household and kitchen furniture, about $500.00 in money, including 3 gold coins of $10.00 denomination and other property of the value of approximately $1,000.00 dollars, was feloniously stolen, taken and carried away from the possession of W. H. Renegar; and the said Ruby Johnson, daughter, further deposes that she has reasonable grounds to believe the said property, or a part thereof, to be concealed on the premises of one Will Mathis, situated in Marsh Township, Surry County. And the said Ruby Johnson, on her oath, further deposes that the grounds for her suspicions are as follows: Said Mathis was seen with Kimmer, who has heretofore been apprehended on Renegar premises same time."

(2) "Whereas, W. H. Renegar of said County and State, has this day made affidavit before me, the undersigned, a Justice of the Peace of said County, that certain articles of personal property, to-wit: bed clothing, money, eight hundred pounds of wheat, cooking utensils, etc., were stolen from him on or about the 1st day of February, 1951, and that he has reason to believe that they are in the possession or on the premises of one Luke Kimmer, off Highway 601, in Davie County, N. C."

True, Ruby Johnson subsequently testified as a witness in the trial, but the only property she testified she found on the premises of Will Mathis, which she could identify as having belonged to W. H. Renegar, was four plates. Hence, the statements in the affidavit in the warrant as to the other property stolen, and that Mathis had been seen with Kimmer on Renegar's premises could not have served as corroborative of her testimony as a witness. Stansbury, sec. 51.

For the same reason the affidavit of W. H. Renegar set out in the search warrant for defendant Kimmer's premises that 800 pounds of wheat had been stolen and about which Renegar did not testify as a witness went beyond the permissible scope of corroborative evidence. *Bowman v. Blankenship,* 165 N.C. 519, 81 S.E. 746; *In re Stocks,* 175 N.C. 224, 95 S.E. 360; *State v. Scoggins,* 225 N.C. 71, 33 S.E. 2d 473.

We think there was error in submitting to the jury as evidence the facts set forth in these search warrants, and that there must be a new trial.

New trial.