P. L. LORBACHER, JR. v. WALTER T. TALLEY T/A TALLEY'S FRUIT AND PRODUCE COMPANY.

(Filed 12 January, 1962.)

Evidence § 55—

While evidence of good character of a party is not ordinarily competent as substantive evidence in a civil action, where a party has testified as a witness, evidence of his good character is competent for the purpose of sustaining his credibility as a witness, and exclusion of character evidence offered for this purpose is prejudicial.

APPEAL by plaintiff from *Williams, J.,* May Term 1961 of DURHAM.

Plaintiff's action is to recover damages for personal injuries allegedly caused by the negligence of defendant.

On the morning of July 26, 1958, about 9:30, plaintiff, a retailer, as on previous occasions, entered the place of business of defendant, a wholesaler, to buy produce. Plaintiff alleges he suffered an injury to his back while defendant's customer and in defendant's place of business on said occasion.

In brief summary, plaintiff alleges defendant, in person, opened the door to a refrigerated room or cooler at or near the back of defendant's premises; that, as defendant held open this door, an employee of defendant entered the cooler to bring out produce for inspection by plaintiff who was standing on the main floor, some eight inches below the level of the floor of the cooler, facing the interior of the cooler; that defendant negligently, without warning to plaintiff, released the heavy door and walked away; and that, as the heavy door closed, plaintiff was struck by a knob on the end of "a long stem handle" (for unlatching the door from inside the cooler), which protruded some six to eight inches out from the back (inside) of the cooler door.

Defendant, by answer, denied all allegations as to his negligence; and, as further answers and defenses, pleaded (1) that plaintiff was a trespasser in respect of *this portion* of defendant's premises, and

(2) that plaintiff was contributorily negligent. In brief summary, defendant asserted that, notwithstanding defendant's repeated requests that plaintiff remain in the front portion of defendant's premises and there inspect the produce when brought from the cooler by defendant's employee, plaintiff persisted in going with defendant's employee back to the cooler; that he (defendant) did not at any time on this occasion hold open the cooler door; that after defendant's employee entered the cooler plaintiff stepped up onto the threshold thereof and held (propped) the door open with the heel of his right foot; and that plaintiff was not injured on this occasion by the cooler door or any part thereof.

Evidence was offered by plaintiff and defendant in support of their respective (conflicting) allegations.

Issues of negligence, contributory negligence and damages, raised by the pleadings, were submitted. The jury answered the first (negligence) issue, "No," and did not reach the second and third issues. From judgment that plaintiff "have and recover nothing of the defendant," plaintiff excepted and appealed, assigning errors.

*Everett, Everett & Everett for plaintiff appellant.*
*Bryant, Lipton, Strayhorn & Bryant for defendant appellee.*

BOBBITT, J.  At trial, plaintiff testified in support of his allegations. Defendant, on cross-examination of plaintiff and by evidence in direct contradiction of plaintiff's testimony, sought to impeach plaintiff and thereby discredit plaintiff's testimony. Indeed, the testimony of one witness for defendant was to the effect plaintiff attempted by bribe to induce him to testify in plaintiff's favor.

In rebuttal, plaintiff offered witnesses who, if permitted, would have testified that plaintiff's general reputation in the community was good. Two such witnesses were called to so testify. The court sustained defendant's objections to such testimony. The court, having ruled such testimony incompetent, refused to permit plaintiff to call other witnesses to give testimony of like import. Plaintiff excepted to said rulings.

Defendant contends the court's said rulings were correct, citing *Norris v. Stewart*, 105 N.C. 455, 10 S.E. 912. There the plaintiff alleged that Stewart, the original defendant, by false and fraudulent representations, obtained the signature of the father of the *feme* plaintiff to a deed of conveyance. Prior to trial, Stewart died and his heirs were made parties defendant in his stead. It was held the court properly excluded testimony, offered by defendant as substantive evidence, that Stewart's general character (reputation) was good. *Norris*

*v. Stewart, supra,* is in accordance with the rule that, subject to exceptions, evidence of the good or bad character of a party is inadmissible as substantive evidence. Stansbury, North Carolina Evidence § 103.

In *Lumber Co. v. Atkinson,* 162 N.C. 298, 78 S.E. 212, the defendant Rabb, charged with fraud, testified as a witness in his own behalf. Thereafter, he offered witnesses who testified to his good general character. The trial judge instructed the jury that the evidence as to Rabb's good general character should be considered "as substantive as well as corroborative evidence in passing on the issue of fraud." Citing *Norris v. Stewart, supra,* this Court held the said character evidence was not competent as substantive evidence and a new trial was awarded on account of the erroneous instruction. But, as stated by *Walker J.:* "It was competent to prove his good character so far as necessary to sustain his credibility as a witness."

Where a party testifies, it is competent to show his general reputation as bearing on his credibility as a witness. *Nance v. Fike,* 244 N.C. 368, 93 S.E. 2d 443; *Morgan v. Coach Co.,* 228 N.C. 280, 45 S.E. 2d 339; *Kirkpatrick v. Crutchfield,* 178 N.C. 348, 351, 100 S.E. 602.

As stated by *Smith, C.J.,* in *Jones v. Jones,* 80 N.C. 246, 250: "In whatever way the credit of the witness may be impaired, it may be restored or strengthened by this [proof of prior consistent statements] or any other proper evidence tending to insure confidence in his veracity and in the truthfulness of his testimony." *Bowman v. Blankenship,* 165 N.C. 519, 81 S.E. 2d 746; *Brown v. Loftis,* 226 N.C. 762, 764, 40 S.E. 2d 421; Stansbury, *op. cit.* § 50. Where a party testifies and the credibility of his testimony is challenged, testimony that his general character is good is competent and proper evidence for consideration as bearing upon the truthfulness of his testimony.

Here, the excluded testimony was not offered as substantive evidence bearing upon what occurred on July 26, 1958, in defendant's place of business, but as bearing upon plaintiff's credibility *as a witness* at the time of trial. See *Stansbury, op. cit.* § 116. It was competent and should have been admitted for this limited purpose. The exclusion thereof was prejudicial error and entitles plaintiff to a new trial.

There is merit in the assignments of error directed by plaintiff to designated portions of the charge relating to the duty owed by defendant to (1) a trespasser, (2) a licensee and (3) an invitee. Since a new trial is awarded on another ground, it is deemed unnecessary to discuss these assignments. However, it seems appropriate to call attention to the fact that plaintiff bases his action solely on the alleged *personal* negligence of defendant, not on any defective condition of defendant's premises.

New trial.