VERLON T. WELLS, ADMINISTRATOR OF THE ESTATE OF GARY ALLEN WELLS, DECEASED v. ZACK ROYCE BISSETTE.

AND

VERLON T. WELLS v. ZACK ROYCE BISSETTE.

(Filed 30 March, 1966.)

**1. Evidence § 55—**

Where a defendant testifies as a witness in his own behalf in refuting plaintiff's allegations and evidence in regard to negligent acts committed by him, it is competent for defendant to show his good character by general reputation as affecting his credibility as a witness, and while the court has the discretionary power to limit the number of character witnesses in order to keep the scope and volume of the testimony within reasonable bounds, it is error of law for the trial court to refuse to permit defendant to offer the testimony of any character witness.

**2. Appeal and Error § 3;   Trial § 53—**

Action of the trial court in setting aside the verdict for error of law is appealable, but when defendant has testified in his own behalf in refuting the allegations and evidence of negligence on his part, the trial court properly sets aside the verdict for error of law when it has excluded all testimony of character witnesses offered to prove defendant's good character as affecting his credibility.

MOORE, J., not sitting.

PLESS, J., took no part in the consideration or decision of this case.

APPEAL by plaintiffs from *Hubbard, J.,* April 1965 Civil Session of WILSON, docketed and argued as Case No. 292 Fall Term 1965, and docketed as Case No. 285 Spring Term 1966.

Two civil actions arising out of the injury and death of Gary Allen Wells, a two-year-old child, consolidated by consent for trial. The first action is to recover damages for the alleged wrongful death of a two-year-old child allegedly caused by the actionable negligence of the defendant in the operation of an automobile; the second action is by the father of the child to recover medical and funeral expenses incurred by him because of his child's death.

Defendant in his answer to the first action admits that plaintiff's intestate suffered fatal injuries in an accident in which he was struck by an automobile operated by defendant, but denies that he was negligent in the operation of his automobile. Defendant in his answer to the second cause of action admits that plaintiff's son suffered severe and extensive personal injuries which later caused his death when he was struck by an automobile operated by defendant, but denies that he was negligent, and pleads contributory negligence on the part of the father of the child.

The plaintiffs and the defendant introduced evidence. The jury found by its verdict that the infant Gary Allen Wells was fatally injured by the negligence of the defendant as alleged in the complaint, and that his administrator is entitled to recover for his death damages in the amount of $12,000, and that Verlon T. Wells is entitled to recover for expenses incurred in the treatment of injuries to his infant son the sum of $60.

Upon the coming in of the verdict, defendant through his counsel made a motion to set the jury verdict aside and for a new trial for the following error of law committed in the course of the trial, to wit, that after the defendant had testified as a witness in his own behalf, the court, upon motion of the plaintiff, excluded testimony of two of defendant's witnesses, who, if permitted, would have testified that one had known defendant for life and the other for fifteen years, that they knew defendant's general character and reputation in the community in which he lived, and that it is excellent, according to one witness, and good, according to the other, which evidence was offered for the purpose of supporting his (defendant's) credibility as a witness. The court entered an order in which, after reciting that it was of the opinion that it had committed an error of law prejudicial to defendant in excluding this evidence, it set the verdict aside and ordered a new trial.

From this order setting the verdict aside and ordering a new trial, plaintiffs appeal.

*Narron, Holdford & Holdford by Talmadge L. Narron for plaintiff appellants.*

*Gardner, Connor & Lee by Cyrus F. Lee for defendant appellee.*

PARKER, C.J.   Plaintiffs assign as error the order of Judge Hubbard setting the verdict aside as a matter of law on the ground above stated, and ordering a new trial.

A trial judge may set a verdict aside "as a matter of law for errors committed during the trial, and from this order the aggrieved party may appeal." *Ward v. Cruse,* 234 N.C. 388, 67 S.E. 2d 257.

In brief summary, both complaints allege Gary Allen Wells, a two-year-old child, was struck by an automobile owned and operated by defendant on a curve at an intersection of Rural Paved Road #1964 and Rural Paved Road #1960 about three miles north of Sims. The home of the child was located on one corner of the intersection. At the time of and just prior to the impact, defendant was driving his automobile at a high rate of speed as he rounded

the curve and approached the intersection and home of the child. Defendant was traveling in a southerly direction on Rural Paved Road #1964. As defendant approached the intersection, the child was crossing the intersection from the west side of the Rural Paved Road on which defendant was traveling and was walking toward his home on the east side of said road. The weather was clear, the road was dry, and the defendant had an unobstructed clear view of the intersection and the child who was in the road walking toward his home. By reason of defendant's operating his automobile at a high rate of speed into the intersection, he caused the front of his automobile to strike the child with great force inflicting injuries resulting in the child's death. The specific acts of negligence on defendant's part proximately causing the collision and injuries to the child resulting in death are: (1) He failed to keep a proper lookout; (2) he failed to keep his automobile under proper control; (3) he operated his automobile at a high rate of speed as he approached the intersection in the curve of the road, in violation of G.S. 20-141(c); (4) he operated his automobile at an unlawful rate of speed, in violation of G.S. 20-141(b)(4); (5) he operated his automobile in a careless and reckless fashion, in violation of G.S. 20-140; and (6) after he saw, or should have seen, the child crossing the highway, he negligently failed to bring his automobile under such control as to avoid striking the child.

Defendant in his answers in both cases denies that he was negligent, and further answering the complaints alleges in brief summary: Defendant was operating his automobile over and along Rural Paved Road #1964, proceeding in a southerly direction at a lawful rate of speed and in a careful and prudent manner. When he was coming around a curve to his right and approaching the intersection of said road with Rural Paved Road #1960, he saw the child Gary Allen Wells stepping out in front of his automobile from about the center of Rural Paved Road #1960. Faced with this sudden emergency, he immediately applied his brakes, and made every effort to avoid striking the child who was walking directly out in front of his automobile. In the sudden emergency thus created and as a result of the surface conditions of the road, defendant's automobile skidded to its left, and notwithstanding defendant's efforts to avoid striking the child, the right headlight of his automobile struck the child.

Evidence was offered by plaintiffs and defendant in support of their respective (conflicting) allegations.

Defendant having testified in the instant cases as a witness in

his own behalf, it is competent to show his general reputation as affecting his credibility as a witness. This Court has held in many decisions that such evidence in civil actions is competent for such purpose, and exclusion of such evidence offered for such purpose is prejudicial. *Lorbacher v. Talley,* 256 N.C. 258, 123 S.E. 2d 477; *Nance v. Fike,* 244 N.C. 368, 93 S.E. 2d 443; *Morgan v. Coach Co.,* 228 N.C. 280, 45 S.E. 2d 339; *Kirkpatrick v. Crutchfield,* 178 N.C. 348, 100 S.E. 602; *Lumber Co. v. Atkinson,* 162 N.C. 298, 78 S.E. 212; *Jones v. Jones,* 80 N.C. 246; Stansbury, North Carolina Evidence, 2d Ed., § 50. See also *March v. Harrell,* 46 N.C. 329.

In *Lorbacher v. Talley, supra,* Bobbitt, J., wrote for the Court: "When a party testifies, it is competent to show his general reputation as bearing on his credibility as a witness." In *Nance v. Fike, supra,* Bobbitt, J., speaking for the Court, made a similar statement. In *Morgan v. Coach Co., supra,* Stacy, C.J., speaking for the Court, said: "The defendant G. E. Gibbs, offered four witnesses who, without objection, testified to his good character in the community where he lives, and in the court's charge, reference was made to this evidence as follows: 'Character evidence is substantive evidence; that is, it is basic evidence; not only substantive evidence but it also bears on his credibility as a witness,' etc. This, of course, was erroneous as the case is one in tort based on alleged negligence. The issues are civil, rather than criminal, in character, and the evidence was competent only as affecting the defendant's credibility as a witness." In *Kirkpatrick v. Crutchfield, supra,* Clark, C.J., speaking for the Court, said: "The twelfth assignment of error is because the court charged the jury that, 'The evidence of good character of the plaintiff and defendant and the other witnesses is not substantive evidence, but is corroborative evidence for the purpose of better enabling the jury to pass upon the truthfulness of the witness whose character is proven to be good.' This is elementary law in civil actions."

The number of persons that a party who testifies in a civil action, such as in the instant cases, will be permitted to call to the witness stand to testify as to his general reputation as bearing on his (the party's) credibility as a witness, is necessarily a matter which rests in a large measure in the sound discretion of the trial judge. The rationale of such rule is to keep the scope and volume of such testimony within reasonable bounds. *Gibson v. Whitton,* 239 N.C. 11, 17, 79 S.E. 2d 196, 201.

Plaintiff's assignment of error above stated is overruled. The

order of Judge Hubbard setting the verdict aside as a matter of law and ordering a new trial is

Affirmed.

MOORE, J., not sitting.

PLESS, J., took no part in the consideration or decision of this case.