Keene v. Wake County Hosp. Systems

LINDA JOHNSON KEENE, AND CHARLES C. KEENE v. WAKE COUNTY HOSPITAL SYSTEMS, INC., D/B/A WAKE MEDICAL CENTER; BETTY ELLIS, R. N.; REBECCA GRIFFIN STEPHENSON, L.P.N. AND O. P. MILLER, M.D.

No. 8410SC815

(Filed 7 May 1985)

1. **Trial § 33.4— attributing testimony to wrong witness—error corrected—absence of prejudice**

   Plaintiffs were not prejudiced when the trial court in its instructions mistakenly attributed testimony to plaintiffs' expert witness which was in fact offered by defendant's expert witness where the error was immediately pointed out by counsel, and the court corrected its error and directed the jury to use their own recollection.

2. **Physicians, Surgeons and Allied Professions § 20.2— physician not insurer instruction—harmless error**

   Even if the trial court erred in instructing the jury that a physician is not an insurer of the results absent some guarantee because there was insufficient evidence to show that defendant provided plaintiff patient with a guarantee, such error was not prejudicial where plaintiffs failed to show any other error in the court's instructions.

3. **Trial § 11— limitation of opening arguments**

   The trial court had the authority to limit opening statements by counsel to five minutes. Rule 9 of the General Rules of Practice for the Superior and District Courts.

4. **Witnesses § 5.2— evidence of reputation—rehabilitation of witness**

   Where plaintiffs made numerous attempts to impeach defendant's expert witness, testimony by two other expert witnesses that the first expert had the reputation of being the "premier hip surgeon" in North Carolina was properly admitted to rehabilitate the witness.

5. **Appeal and Error § 24; Physicians, Surgeons and Allied Professions § 15— motion in limine—preventing testimony on informed consent—failure to object—failure to question witness**

   The plaintiffs in a medical malpractice case were not prejudiced by the court's allowance of defendant's motion in limine preventing testimony by plaintiff patient about whether she would have consented to surgery "had she been properly informed of the usual and most frequent risks of surgery" where the record reveals that at no time, either when the court indicated that it was tentatively allowing defendant's motion, or when the court entered a final ruling on the matter, did plaintiffs object or indicate in any way that they disagreed with the ruling, and at no time did plaintiffs' counsel offer or attempt to question plaintiff patient about whether she would have consented to surgery if fully informed.

APPEAL by plaintiffs from *Herring, Judge.* Judgment entered 9 February 1984 in Superior Court, WAKE County. Heard in the Court of Appeals 3 April 1985.

This is a civil action wherein plaintiffs alleged that Dr. O. P. Miller was negligent in the performance of surgery and his postoperative care of Mrs. Keene, and that defendant Miller did not obtain her informed consent due to his failure to disclose the most frequent risks of this particular surgery.

In February 1979, Mrs. Keene consulted defendant, an orthopedic surgeon, about pain in her left hip. Defendant subsequently hospitalized her to remove a bone tumor from her femur neck. On 20 March 1979, defendant performed a biopsy by cutting a window, or hole, in her femoral neck. After the surgery, defendant did not put internal fixation devices into Mrs. Keene's hip, nor did he immobilize her left leg with a spika cast. Defendant did fill in with a bone graft.

On 23 March 1979, while being moved about in bed by two nurses, Mrs. Keene's hip fractured through the biopsy site. Eventually, her left hip was replaced with an artificial hip joint.

At trial, the following issue was submitted to and was answered by the jury as indicated:

> 1. Was the Plaintiff Linda Johnson Keene injured as a proximate cause of the negligence of the Defendant Dr. O. P. Miller?

> ANSWER: No.

From a judgment dismissing plaintiffs' complaint, plaintiffs appealed.

*Mast, Tew, Armstrong & Morris, P.A., by George B. Mast and John W. Morris, for plaintiffs, appellants.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, by Samuel G. Thompson and William H. Moss, for defendant, O. P. Miller, M.D., appellee.*

HEDRICK, Chief Judge.

Plaintiffs first contend the court made five errors in the instructions to the jury. Only two of these alleged errors have been

properly preserved for appellate review. The other three present no question for review. N.C.R. App. Proc. 10(b)(2).

[1] Plaintiffs first argue that the court erred in its instructions when it mistakenly attributed testimony to plaintiffs' expert witness which was in fact offered by defendant's expert witness. The error was immediately pointed out by counsel, the court corrected its error, and directed the jury to use their own recollection. Thus this assignment of error has no merit. *Emerson v. Carras*, 33 N.C. App. 91, 98, 234 S.E. 2d 642, 648 (1977).

[2] Plaintiffs next assign error to the court's action in instructing the jury "in substantial conformity with North Carolina Pattern Jury Instructions 809.20 and 809.25, the Insurer instructions." These instructions embody the legal principle that a physician is not an insurer of results or of the correctness of his judgment, absent some guarantee or assurance by the physician to the patient. Plaintiffs do not contend that the court's statement of the law is incorrect, but argue instead that the instruction was improper because the record is devoid of evidence tending to show that defendant made any such guarantee; citing *Wall v. Stout*, 310 N.C. 184, 311 S.E. 2d 571 (1984), plaintiffs assert that such "unduly exculpative" instructions constitute reversible error. Assuming without deciding that the evidence introduced at trial falls short of raising an issue as to whether defendant provided Mrs. Keene with a guarantee, we hold such an error would not be prejudicial under the circumstances of this case. Contrary to the situation in *Wall*, plaintiffs here have failed to demonstrate any other error in the court's instructions. In *Wall* the Supreme Court said:

> [A]lthough many of the instructions when considered in isolation were either correct or, if erroneous, were not sufficiently prejudicial to constitute reversible error, . . . the instructions *in their totality* were so emphatically favorable to defendant that plaintiffs are entitled to a new trial.

*Id.* at 190, 311 S.E. 2d at 575 (emphasis added). Our examination of the instructions in their totality in the instant case persuades us that any error committed by the court was not prejudicial.

[3] Plaintiffs next assign error to the court's limitation of opening statements to five minutes. Rule 9 of the General Rules of

Practice for Superior and District Courts states: "Opening statements shall be subject to such time and scope limitations as may be imposed by the court." The trial court clearly had the authority to so limit these opening statements. This assignment of error is meritless.

[4] Plaintiffs next contend the court erred when two of defendant's expert witnesses were permitted to testify, over objection, that defendant's third expert witness, Dr. McCollum, has the reputation of being the "premier hip surgeon" in North Carolina. Evidence of the reputation of a person is admissible as affecting his credibility as a witness when a party has attempted to impeach that witness. *Wells v. Bissette*, 266 N.C. 774, 147 S.E. 2d 210 (1966). Because plaintiffs made numerous attempts to impeach Dr. McCollum, the court properly admitted evidence of reputation to rehabilitate the witness. *O'Quinn v. Dorman*, 35 N.C. App. 500, 241 S.E. 2d 722 (1978). This assignment of error is overruled.

By their next assignment of error plaintiffs contend the court erred in sustaining defendant's objection to a hypothetical question plaintiffs asked defendant's expert witness. "[A]n exception will not be considered on appeal where an objection has been sustained, unless the record discloses what the witness would have said if he had been permitted to answer." *State v. Poolos*, 241 N.C. 382, 384, 85 S.E. 2d 342, 344 (1955). Plaintiffs' failure to make an offer of proof "makes it impossible for us to know whether the ruling was prejudicial . . . or not." *State v. Rawls*, 70 N.C. App. 230, 236, 319 S.E. 2d 622, 626 (1984) (citation omitted). Therefore, plaintiffs will not now be allowed to assert error. This assignment of error is overruled.

[5] Plaintiffs' last assignment of error is set out in the record as follows:

> The court committed prejudicial error in allowing defendant's motion in limine thereby preventing plaintiff from testifying that had she been properly informed of the usual and most frequent risks of surgery, that she, subjectively, would not have consented to the surgery.

This assignment of error purports to be based on four exceptions. Exception No. 1 is set out in the transcript following the court's ruling tentatively allowing defendant's motion "at least insofar as

voir dire." Exception No. 2 appears in the transcript following the court's tentative in-chambers ruling to continue to allow defendant's motion in limine, "reserv[ing] the right to change the order." The following exchange then occurred between plaintiffs' counsel:

　　　MR. MORRIS: Do you want to note an exception to it?

　　　MR. MAST: I don't think at this point.

The next exception appears in the transcript after the jury had retired and the court entered a final order allowing defendant's motion. The last exception appears in the record immediately following defendant's written motion. Our examination of the record reveals that at no time, either when the judge indicated that he was tentatively allowing defendant's motion, or when he entered a final ruling on the matter, did plaintiffs object or indicate in any way that they disagreed with the ruling. More importantly, at no time did plaintiffs' counsel offer or attempt to question Mrs. Keene about whether she would have consented to surgery "had she been properly informed of the usual and most frequent risks of surgery." We hold the court did not err in allowing defendant's motion in limine and, assuming *arguendo* that any error was committed by the court in its rulings on the motion, the plaintiffs have shown no prejudice.

　　　The judgment appealed from is

　　　Affirmed.

　　　Judges WELLS and MARTIN concur.